BERT WELLMAN v. THE BOARD OF METROPOLITAN
POLICE OF THE CITY OF DETROIT.

*Public officers — Dismissal — Specification of charges — Board of police.*

The board of police commissioners of Detroit cannot find a member of the force guilty of conduct immoral and unbecoming an officer without any specification of the charge.

So *held*, where such general charge was followed by a specification charging the officer with a felony, of which he was not found guilty under the testimony, but the commissioners made a finding that he was guilty as charged of conduct immoral and unbecoming an officer, and was not entitled to the office of a patrolman, and should be dismissed from the force; which finding and sentence are set aside, and the patrolman ordered reinstated.

*Mandamus.* Submitted January 20, 1891. Granted February 11, 1891.

Relator applied for *mandamus* to compel respondent to revoke an order dismissing him from the police force, and to reinstate him as such member. The facts are stated in the opinion.

*John Miner,* for relator.

*Charles M. Swift,* for respondent.

PER CURIAM. Relator was appointed a patrolman of Metropolitan Police of Detroit on June 28, 1887, and qualified and entered upon the discharge of his duties. On October 17, 1890, by direction of the superintendent, charges were preferred against relator in and by which he was charged in general language of "conduct immoral and unbecoming an officer." Under this charge was a specification charging relator with the commission of a

heinous crime, punishable as a felony under the statutes of this State. The relator was duly summoned, and pleaded not guilty to the specification. A large amount of testimony was taken, after which a statement was filed in the case in the office of the board reviewing the testimony, and stating the conclusion reached by the board, in which it is said:

"Wellman may not be guilty in manner and form as stated in the specification. That he is guilty as charged of 'conduct immoral and unbecoming an officer' is the judgment of the board, and that he is not entitled to the office of patrolman, and should be dismissed from the force."

This conclusion was adopted as the finding of the board, and the same was recorded by the secretary in the records as follows:

"That he is guilty as charged of conduct immoral and unbecoming an officer is the judgment of the board, and that he is not entitled to the office of a patrolman, and should be dismissed from the force."

Upon a review of the testimony, which is annexed to and made a part of the return, we think the board did right in not finding relator guilty of the specification. The testimony to sustain the specification under the general charge was of the most untrustworthy and unreliable character, and entitled to no credit whatever, and Wellman should have been found not guilty without any hesitation on the part of the board; and when a person is found not guilty of the specification, or if he is not found guilty thereof, he cannot be found guilty of the general charge, for the reason that general charges must be followed by one or more specifications setting forth the offense charged, with particulars or specifications of time and place, with such certainty as will apprise the person charged of what he is called upon to meet. In the general charge of "conduct immoral and unbecoming an officer"

there is no statement of what act he was accused of as being immoral or unbecoming an officer, nor when nor where he so conducted himself. It is not required, and it is not expected, that the accused will be called upon to meet such general charge, separate from the specification under it; and it would be manifestly wrong to find a member of the force guilty of such general charge, and expel him from the force.

The powers of the Metropolitan Police Board are derived from the statute establishing a police government for the city of Detroit. Section 10 of the police act provides for preferring charges before the board touching the character, competency, or affecting the acts, conduct, etc., of any officer or policeman. The board is required, after reasonable notice to the person charged, to proceed with his trial, and the board may make an order of removal, or suspension for some certain period.[1] Section 9 provides that no person, except superintendent, surgeon, attorney, detectives, secretary, and property clerk, shall be removed from the force except upon written charges preferred against him to the board of police, and after opportunity of being heard in his defense, but they may suspend any member of the force pending the hearing of charges against him.[2] See, also, section 5, to the same effect.

This is a case of discipline within the force, and we have no inclination, nor indeed authority, to interfere, except to secure to an accused person his legal rights under the laws of the land. Discretion of the board, exercised in a legal manner, is not open to review. But every accused member of the force has the right, secured to him by the law, to have the charges preferred against him reduced to writing, and sworn to (section 10), and

---

[1] 3 Laws of 1871, p. 236.
[2] Act No. 32, Laws of 1882.

that they specify, with sufficient certainty of time and place to enable him to make his defense, the delinquencies set out in section 10 of the police act. This was not done in this case, and Wellman has not had an opportunity to be heard upon any charge touching his character or competency, or affecting his acts, conduct, or omission, as an officer or policeman, nor for a violation of or misconduct as defined or prescribed by the rules and regulations of the board, which specifies the act complained of, upon which he was found guilty.

The board of police commissioners do not act as a court, and the formal and technical rules of pleading and practice do not apply to their investigations. While it is important to good discipline that they may act summarily, giving notice and reasonable opportunity to the accused to make his defense, yet the foundation of their proceeding is that written charges shall be made. This implies that the charges shall specify, with reasonable certainty of time and place, the particular conduct or omission of duty complained of; and it is manifest that a member of the force cannot be tried for one offense, and be found guilty of a different offense from that specified. We approve of the principles enunciated in the cases cited by respondent, viz.: *People v. French*, 110 N. Y. 494 (18 N. E. Rep. 133); *People v. Commissioners*, 98 Id. 332; *Devault v. Camden*, 48 N. J. Law, 434 (5 Atl. Rep. 452); *People v. French*, 32 Hun, 112; *State v. Commissioners*, 16 Mo. App. 48; *Ayers v. Newark*, 49 N. J. Law, 173 (6 Atl. Rep. 660). An examination of these cases will show that, under the general charge, there were specifications filed upon which the accused was found guilty. We do not think the board could find Wellman guilty of conduct immoral and unbecoming an officer without any specifications of the charge.

84 MICH.—36.

It follows that the findings and sentence of dismissal should be set aside, and Wellman reinstated as a patrolman of said force. Of course this will not prevent further proceedings under proper charges and specifications.