ALBERT EMMITT, Appellant and Respondent, v. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

128   117
133   238
128   117
137   200

128   117
d152   233

Plaintiff, having passed a civil service examination, received, on April 25, 1881, a written certificate of his appointment by the aqueduct commis- sioners of the city of New York, three of whom certified to his qualifi- cations, as inspector of masonry upon the new aqueduct. Said certifi- cate neither stated plaintiff's term of office, nor the salary to be paid; the salary was fixed at $120 per month. He was from time to time sus- pended, without charges being made against him or reasons assigned; while so suspended, he received no salary. During one of the periods of suspension, plaintiff entered into an agreement with the city that, while suspended, his pay should cease. This action was brought to recover salary for the periods of suspension. *Held,* that plaintiff was entitled to recover for those periods prior to the agreement but not for subsequent ones; that the office of inspector being one created by the act under which the said commissioners were acting (Chap. 490, Laws of 1883), the incumbent was not a simple employe or laborer, but an officer, and his compensation, when fixed, accompanied the office until he was removed or consented to a new rate of compensa- tion; that while the term of office was at the pleasure of the commis- sioners, they could not effect arbitrarily, temporary or indefinite suspen- sion without pay; but that it was competent for them to enter into an agreement with plaintiff in relation thereto, and the agreement made con- stituted a waiver of his right to the salary thereafter during suspension.

(Argued June 8, 1891; decided June 23, 1891.)

CROSS-APPEALS from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made May 4, 1891, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order deny- ing a motion for a new trial.

This action was brought to recover salary alleged to be due the plaintiff as an inspector of masonry on the new aqueduct for the city of New York during several periods of suspension.

The following facts were proved upon the trial: Under chapter 490 of the Laws of 1883, the aqueduct commissioners, upon the 25th day of April, 1887, appointed, by a certificate in writing, the plaintiff an inspector of masonry upon the

aqueduct, then in process of construction under said act. He was appointed upon recommendation of the board of civil service after competitive examination, and filed his oath of office. His salary was fixed at $120 per month. He commenced work under that appointment and continued to be employed until April 20, 1888, when he was suspended with no reason assigned therefor, and no notice given of any charge against him. He remained under suspension until June 6, 1888, when he was reinstated. He resumed work June 11, 1888, and continued employed until November 28, 1888, when he was again suspended and notice given him by letter. He remained under temporary suspension from November 28, 1888, until February 2, 1889. On February second, he resumed his duties and continued employed until July 1, 1889, when he was again suspended and remained under suspension until February 12, 1890, when he was discharged from the service. No salary was paid him during these periods of suspension. On the 23d day of January, 1889, and during one of the periods of suspension, plaintiff entered into an agreement with the city that, if suspended, his pay should cease from the time of such suspension subject to the direction of the aqueduct commissioners. It was conceded that the plaintiff was ready and willing to perform his duties during each of these periods of suspension, and had demanded payment for his services during these intervals. He was notified that no further payments would be made for periods of suspension when he made demand for his pay.

Both parties requested the court to direct a verdict in their favor. The court directed a verdict in favor of the plaintiff for $482.19, the amount of the salary not paid during suspensions prior to the signing of said agreement.

Both parties duly excepted to the court's refusal to direct a verdict as requested, and as well to the direction given by the court.

*Lyman E. Warren* for plaintiff. The contract of hiring was clear and certain and should only be terminated by

unqualified dismissal or other unequivocal act. (*Gregory v. Mayor, etc.*, 113 N. Y. 416; *Acker* v. *Mayor, etc.*, 27 Hun, 413; *McCoy* v. *Mayor, etc.*, 46 id. 268; *Mullen* v. *Mayor, etc.*, 34 N. Y. S. R. 913.) The admission of the agreement of January 23, 1889, was void, but conceding it, for the purposes of argument, to have been competent evidence, it could have in no manner affected the plaintiff's right to recover salary during the entire periods of suspension. (*People ex rel.* v. *Civil Service Bd.*, 41 Hun, 287; *Gregory* v. *Mayor, etc.*, 113 N. Y. 421.) The agreement of January 23, 1889, was absolutely void. (*People ex rel.* v. *Board of Police*, 75 N. Y. 38–42; *Kehn* v. *State*, 93 id. 291; *Mullen* v. *Mayor, etc.*, 34 N. Y. S. R. 913.)

*D. J. Dean* for defendants. The plaintiff's hiring was monthly. (*McMillan* v. *Vanderlip*, 12 Johns. 165; *Jennings* v. *Camp*, 13 id. 94; *Webb* v. *Duckingfield*, Id. 390; *Tucker* v. *P. & R. C. & I. Co.*, 53 Hun, 139; *Beach* v. *Mullen*, 34 N. J. L. 343; *Haney* v. *Caldwell*, 35 Ark. 156; *Wilson* v. *Taylor*, 8 Daly, 253.) The agreement entered into between the plaintiff and the aqueduct commissioners that he shall be paid only for the services actually rendered is binding. (*People ex rel.* v. *Board of Police*, 75 N. Y. 38; *Kene* v. *State*, 65 How. Pr. 488; 4 Am. & Eng. Ency. of Law, 190; 2 id. 705.)

GRAY, J.    I can perceive no distinction in principle between the main legal question involved in this appeal and that which was passed upon in the case of *Gregory* v. *Mayor, etc.* (113 N. Y. 416). The right of the plaintiff to recover for the periods of time during which he was under suspension is not essentially different from the right of the plaintiff which we sustained in the other case. Here the plaintiff was appointed by the aqueduct commission an inspector of masonry and his employment in that capacity was evidenced by a written certificate of appointment. Neither the term of office, nor the compensation to be paid, was stated therein. As it was pro-

vided, in the act creating the commission, that the commissioners might appoint and fix the compensation of persons to supervise and inspect all work authorized by the act to be done, the effect of such an appointment was to make its duration dependent upon the good behavior of the appointee, or the pleasure of the commissioners. The office of inspector being one created by the act, when filled, the incumbent became more than a mere ordinary employe, or laborer, engaged by the commissioners. Besides, it appears that his candidacy for the office must have been fortified by a certificate from the civil service commission and his qualifications further certified to by at least three of the aqueduct commissioners. Such an employe upon the work cannot be classified, or regarded, as a temporary or occasional laborer. He fills an office with certain more or less important responsibilities attached to it, and he becomes entitled to receive the compensation as it was fixed by the commissioners, until they see fit to discharge him. That power, unquestionably, is inherently their's and that is not disputed; but where is to be found the power to suspend the incumbent of the office without pay ? Nothing in the act, vesting the commissioners with powers, leads us to infer such a power as to suspend an officer without pay. The only discretion which we find existing, with respect to engineers, supervisors or inspectors, is as to when and where they shall be appointed and what shall be their compensation when appointed. The counsel for the city argues that the act creating the aqueduct board was designed for a special purpose and that when the work of supplying New York city with an increased supply of pure water is completed, the commissioners, and all holding office under them, became *functi officio.* He, therefore, finds, in such features, ground for distinguishing such a departmental body from the board of excise, which is a permanent department of the local government, and so, from the difference in the feature of permanency of the two commissions, and in the nature of the duties of the inspectors appointed under each, as affected by the character of the work they are engaged upon, he deduces the proposition that there is a necessity for infer-

ring the existence of a power in the aqueduct commissioners to suspend an inspector without pay. In that way he endeavors to avoid conflicting with the rule in the *Gregory* case. So far as his argument is based upon the difference in the creation, duration, or municipal relations of the two commissions, I fail to perceive its force; while the argument drawn from the nature of the duties and the character of the work, is sufficiently met by the suggestion that, being a matter concerning the compensation, it could have been arranged for at the time of the appointment. The commissioners had power to fix that to suit themselves; but they had to fix it and it could not be left to be dealt with arbitrarily. It was subject to change by the consent of the employee; but, when fixed, the compensation accompanied the office until the official was removed, or a new rate of compensation was consented to.

In *Gregory* v. *Mayor, etc.* (*supra*) the plaintiff was an inspector of excise and he sued to recover payment of his salary for the time he was suspended by a resolution of the commissioners of excise. The argument was that he was a mere employee; having no fixed term of employment and whom the commissioners in suspending, in fact, discharged. Notice of suspension, it was argued, was a discharge from duty and pay, until in their pleasure the board should re-employ him upon duty. The argument was unsuccessful and we held that the power to suspend could not be inferred from the power to remove; nor be deemed inherent; and that it could not be regarded as a lesser power comprised within the greater. It was considered that nothing in the circumstances of the case showed an inherent necessity for the inference of the existence of the power to suspend, from the grant of the power to remove. I admit the force of the suggestion of the learned counsel for the city that there might be occasions when the work would not require the active performance of the duties of such employes; but that would be a reason for regulating the method of their compensation by some agreement. The compensation was left wholly to be fixed by the commissioners and the rate and condition of payment could perfectly well

have been the subject of agreement between them and their appointee. In my opinion, therefore, as the office of inspector was one which the act empowered the commissioners to fill by appointment, the incumbent derived from his office the right to receive the emoluments belonging to it, until discharged; and that temporary, or indefinite, suspension without pay was not within the powers of the commissioners to effect arbitrarily. But, as the compensation was to be fixed by the commissioners, it was perfectly competent for them to agree with the plaintiff with respect to it. It is only when the salary of an official is fixed by the law that it is beyond the power of those by whom he has been employed to agree upon some other figure, or to affect it in any way. *People ex rel. Satterlee* v. *Police Board* (75 N. Y. 38), and *Kehn* v. *State* (93 id. 291), recognize that principle distinctly. Hence, though this plaintiff was entitled to recover the compensation fixed by the aqueduct board, while he remained in office, when he subsequently agreed that if suspended by the aqueduct commissioners his pay should cease from that time, subject to their direction, the agreement constituted a waiver on his part and was a regulation as to his compensation, which it was perfectly competent and lawful to agree upon and which thereafter regulated the amount and mode of payment of the compensation he would be entitled to while continuing in office.

These views lead to an affirmance of the order and judgment below; and, as both parties have appealed, it should be affirmed without costs to either party as against the other.

All concur.

Judgment affirmed.