BERT WELLMAN v. THE BOARD OF METROPOLITAN
POLICE OF THE CITY OF DETROIT.

[See 84 Mich. 558.]

*Public officers—Dismissal of patrolman—Jurisdiction.*

1. If the question of petitioner's fitness for the office of patrolman involved an inquiry as to his guilt or innocence of a criminal offense, to the extent necessary to determine that question, respondent had a right to enter upon the trial of the question of his guilt.

2. While the punishment would be limited to a dismissal from the service, and the determination would not be binding in any other proceeding, the petitioner cannot shield himself from dismissal by averring that the charges against him are too serious for respondent to consider.

*Certiorari* to review proceedings resulting in the dismissal of petitioner as patrolman. Argued April 13, 1892. Writ quashed April 22, 1892. The facts are stated in the opinion.

*John Miner,* for petitioner.

*Charles M. Swift* (*Edwin F. Conely,* of counsel), for respondent.

MONTGOMERY, J. This is *certiorari* to the respondent, to bring before us the action taken by the board in dismissing the relator from the police force. Charges were brought against the plaintiff of conduct immoral and unbecoming an officer, and the action of the board was reviewed by this Court by *mandamus,* and is reported in 84 Mich. 558. The dismissal was in that case set aside; but it was further stated that the determination would not prevent further proceedings, under proper

charges and specifications. Following upon this opinion further charges were preferred against the plaintiff, a hearing was had, and he was found guilty thereof, and dismissed from the service.

The principal ground relied on is that the offenses of which he was convicted were beyond the jurisdiction of the board, constituting, as they did, charges of felonies; and it is said that it does not lie with the board to adjudge him guilty of a felony simply because he is a member of the police force, and subject in such capacity to its jurisdiction.

We cannot assent to this view. If the question of the plaintiff's fitness for the office of patrolman involved an inquiry as to whether he was or was not guilty of a criminal offense, to the extent that is necessary to determine the question of fitness, the board had the right to enter upon the trial of the question of his guilt. Of course, the punishment could not go beyond a dismissal from the service, nor would the determination of the board be binding in any other proceeding; but we are not prepared to hold that the plaintiff could shield himself from dismissal by averring that the charges against him were too serious for the board to consider. If this were so, the more unfit the officer the less subject to discipline by the board would he be. Such could not have been the legislative intent in conferring the power which was conferred upon the board.

The board having acquired jurisdiction, and having acted lawfully, it is not within the power of this Court to review the decision reached upon the merits.

The writ of *certiorari* will be quashed, with costs.

The other Justices concurred.