### MYERS *v.* MAYOR, ETC., OF CITY OF NEW YORK.

(*Supreme Court, General Term, First Department.* May 13, 1892.)

CITY OFFICER—COMPENSATION—SERVICES PERFORMED AFTER SUSPENSION.

Where an inspector of grading and regulating of a city continues to perform his duties as such, notwithstanding service on him of a notice of his suspension, he is entitled to the agreed compensation for the period during which such services are rendered. *Gregory* v. *Mayor, etc.,* 21 N. E. Rep. 119, 113 N. Y. 416, followed. *Higgins* v. *Mayor, etc.,* (N. Y. App.) 30 N. E. Rep. 44, distinguished.

Appeal from circuit court, New York county.

Action by Charles Myers against the mayor, aldermen, and commonalty of the city of New York to recover compensation for his services as inspector of regulating and grading. From a judgment dismissing his complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

W. W. Jenks, for appellant. William H. Clark, ( W. A. Sweetser, of counsel,) for respondent.

PER CURIAM. If the plaintiff had been discharged from his position as an inspector of regulating and grading in the department of public works, his case would have come within the principle of Higgins v. Mayor, etc., (N. Y. App.) 30 N. E. Rep. 44; and in that event the complaint would have been properly dismissed, for the reason that no services were rendered during the period covered by his complaint. But he was not discharged. He was merely suspended, as appears from the notice served upon him by the commissioner of public works. His case thus comes within the principle of Gregory v. Mayor, etc., 113 N. Y. 416, 21 N. E. Rep. 119. See, also, Emmitt v. City of New York, 128 N. Y. 117, 28 N. E. Rep. 19. Indeed, the cases are entirely parallel, for the present plaintiff was paid by the month, and occupied the position of inspector of regulating and grading, while Gregory was paid in the same manner, and occupied the position of inspector of excise. The reasoning of the Gregory Case is applicable to this, and we think calls for a reversal of this judgment. The plaintiff, notwithstanding the suspension, proceeded to the department of public works, and tendered his services day by day, as Gregory did in the case cited. He continued to be an employe of the department— a duly-appointed inspector of regulating and grading—until such time as he ceased to occupy that position by his own resignation. He is therefore entitled to the agreed compensation for the period during which he continued to be a public servant pursuant to his original employment. The judgment should be reversed, and a new trial ordered, with costs to appellant to abide event.