WILKINSON *v.* BOARD OF POLICE COMMISSIONERS OF
CITY OF SAGINAW.[1]

PUBLIC OFFICERS—DISMISSAL OF POLICEMAN—REINSTATEMENT—
MANDAMUS.

A board of police commissioners, authorized by charter to
remove policemen summarily or on conviction of misconduct,
cannot, upon acquitting an officer of specific charges pre-
ferred against him, adjudge him guilty of another offense
not specified, and order his dismissal; and in such case *man-
damus* will lie to compel the officer's reinstatement.

HOOKER and GRANT, JJ., dissent, being of opinion that
action so taken is sustainable under the power of summary
removal, and that, in any event, since the writ would be inef-
fectual, it ought not to issue.

*Certiorari* to Saginaw; McKnight, J. Submitted Oc-
tober 22, 1895. Decided December 17, 1895.

John C. Wilkinson applied to the circuit court for *man-
damus* to compel the board of police commissioners of
the city of Saginaw to reinstate him as a member of the
police force of said city. From an order denying the
writ, relator brings *certiorari.* Reversed, and writ issued.

*Swarthout & O'Keefe,* for relator.

*William G. Gage,* City Attorney, for respondent.

HOOKER, J. Relator was a member of the police force
at Saginaw, having been appointed to the position of
patrolman on June 21, 1893, by the board of police com-
missioners. The appointment fixed no term, and we are
not informed that it was for a definite period. Charges
were preferred against him, and a hearing was had be-
fore the board, who made an order dismissing him from
the service. The circuit court refused a writ of *man-*

---

[1] Rehearing denied March 3, 1896.

*damus* to compel the board to reinstate him, and he has brought the proceedings here by *certiorari*.

The charges were, in substance, that on the night of November 1, 1894, he, with other officers, was intoxicated, and acted in a disgraceful manner in a certain house on South Tilden street, and that he threatened to arrest the inmates if they informed his superiors. Testimony was taken, including the statement of the officer, and the record of the board states that "the board discarded the evidence of the witnesses for the prosecution, but, on the evidence of the accused himself, the board found respondent guilty of conduct unbecoming an officer, and of the violation of rule 76, and on motion he was dismissed from the force" by a unanimous vote, taken by "ayes and nays." Subsequently demand was made that the board reinstate respondent.

The grounds for relief set forth in relator's petition to the circuit court are:

1. That, being charged with a specific act, of which the board found him not guilty, he could not be dismissed under the general finding that he was guilty of conduct unbecoming an officer, without finding him guilty of other specific charges, after an opportunity to be heard.

2. That the board had no authority to dismiss him for violating rule 76, without having first served upon him a written copy of the charges to be tried.

3. That the board had no authority to dismiss him from said force without at least having the charges against him reduced to writing and read to him.

4. That the board had no authority to dismiss him, as aforesaid, without giving him an opportunity to be heard in his own defense.

Sections 1, 3, and 4 of title 11 of the charter (Local Acts 1889, No. 455) are as follows:

"Section 1. Said board, or a majority of them, shall have full power to try and determine all complaints against the marshal or any policeman or watchman of the city, and to remove them, or any of them, summarily,

or on conviction for insubordination, neglect of duty, or violation of any of the ordinances or *rules* and *regulations*, or violation of any law of the city or State, made, or hereafter to be made, for the government of the police department of the city of Saginaw. \* \* \*

"Sec. 3. The said board of police commissioners shall have power to appoint a marshal and a captain of police and other officers, and such number of policemen with pay, and such number of watchmen without pay, as said board shall deem expedient. \* \* \*

"Sec. 4. Said board shall assume and exercise the entire control of the police force of said city, and shall possess full power and authority over the police organization, government, appointment, and discipline within said city."

Apparently the board has adopted rules for its own government and that of its subordinates. We are not furnished with a copy of these rules, but from the briefs we conclude that those involved in this proceeding are as follows: "Rule 104 of the board of police commissioners of the city of Saginaw provides that, when complaint shall have been made of any member of the force, the chief of police 'shall cause the charges to be reduced to writing, and transmit a copy thereof to the board of commissioners without delay, thus securing a speedy trial of the accused,' and the accused shall be cited to appear before the board at its next regular meeting or special meeting." Relator's brief states that rule 105 provides the "mode of procedure," and rule 106 the "manner of trial." Rule 108 provides for a new trial when applied for within 20 days after the decision of the board. Rule 76 is as follows: "All members of the police force will be deemed to be always on duty, subject to such relief therefrom as shall be allowed by proper authority; and the same responsibility as to suppression of disturbances and the arrest of the offenders rests upon them when not in uniform as when on post duty."

Ordinarily, when appointing power is confided to an officer or board, the power of removal at will accompanies

the power of appointment, when no fixed term is provided by law, unless excluded by express words or necessary implication. See Throop, Pub. Off. § 354, and cases cited; *Fuller* v. *Attorney General,* 98 Mich. 101; *Attorney General* v. *Jochim,* 99 Mich. 367. The power of appointment is lodged in the board (section 3), and the act is silent as to the term for which the appointment shall be made. Section 4 seems to confide to the board explicitly full power over the police organization, government, appointment, and discipline within the city. This section cannot be said to limit the power of removal, if it does not emphasize it. If there is any provision that indicates a limitation of the power of removal, it is section 1, which gives the power to the board to try and determine complaints against the subordinate officers, and to remove *summarily or on conviction.* The least that can be said about this provision is that it indicates an intention to permit removals, upon complaints, without the formality of notice and a trial.

We think that it was not designed to cut off the general power of removal at pleasure, for that would leave the tenure of office co-extensive with life and good behavior, unless terminated by abolition of the office, which would hardly be consistent with the economical and efficient management of the police department. It is significant that the word "or" was introduced into the law governing the city of Saginaw by Act No. 455, Local Acts 1889. Previously the charter read, "summarily on conviction." We are therefore of the opinion that by the change it was intended to set at rest any question that might arise as to the want of power to remove without a trial, after complaint made, and to make it plain that the power to remove at pleasure was not cut off by this section, and that it not only existed, but extended to cases where complaint had been made against an offending policeman, as well as to cases where the good management of the department required it, although no mis-

behavior was involved. There would seem to be no good reason why an offender should not be summarily removed, as well as an obedient officer, if the good of the department demanded it. To say that complaint bars a summary removal is to put a premium upon complaints, made collusively or otherwise.

There are cases which seem to imply that an officer charged with misconduct has a right to be convicted or vindicated by a decision; and while we think that an officer cannot be removed except upon a conviction of misconduct, where the law forbids removal at pleasure, we see no reason for holding that the board must do more upon a complaint than to determine the necessity of removal, or, at all events, that they shall do more than to acquit the alleged offender before exercising the power of removal, in cases where the board has a general power of removal at will. We find from the record that the only specific charges made were not established. This is the only inference that we can draw from the decision. It is the only inference that the relator cares to have us draw, for the only alternative would be to conclude that he was found guilty, in which case it would also be necessary to conclude that the removal was lawful. If acquitted, the power of the board to remove summarily is not affected, and it might be exercised the next year, month, or day. Why not the same day, and, if the same day, why not immediately? The only possible opportunity for criticism of their act is that they stated that they found him guilty of conduct unbecoming an officer, and of a violation of rule 76. These rules appear to be made by the board for the government of the force and department. They are within the power of a majority of the board, and we are not informed that they possess any extraordinary force, or have any special significance in this case. The finding, under the circumstances, amounted to no more than a reason given by the board for their action. They need not have given it;

but they did, and why was it not proper that they should? No intimation is given of the nature of the officer's unbecoming conduct, and it does not appear what particular infraction of rule 76 was in the minds of the members of the board. Apparently they found that he disregarded his official duty at some place or at some time.

The case, then, comes down to the proposition that a board which has power to remove summarily at will must not announce the reason upon which it bases its action. If it does, it invalidates its order, unless based upon a formal complaint, notice, and conviction. We think this is not the law. The alleged right to vindication cuts no such figure. As well might it be said that one charged with felony might insist upon a trial and acquittal, when the prosecuting attorney offers to *nolle pros.* the case before trial. It may be said that such right would exist after the trial had begun, but this is not strictly true, for the question is ordinarily raised in a new proceeding, on a plea of former acquittal; and it is doubtful if *mandamus* would be issued to compel a formal acquittal, when the discharge on *nolle pros.* would necessarily be held equivalent thereto. The public was only interested in the question of the relator's removal, and cannot be compelled to reinstate him to vindicate his reputation. He must seek some other remedy. It is only where he has a clear legal right to be reinstated that it should be required, and, as already shown, he has not that. If he had, it is doubtful if the writ should issue, as he might be removed immediately at the pleasure of the board. *Mandamus* will not be issued unless it will be efficacious. See Merrill, Mand. § 149.

The order of the circuit judge should be affirmed.

GRANT, J., concurred with HOOKER, J.

McGRATH, C. J. Unquestionably the charter of the city of Saginaw empowers the board to appoint and summarily dismiss a policeman, but it does not authorize

the board to prefer charges against a policeman for one offense, specifying it, and find him guilty of another, not specified. The general charge made was that he was guilty of conduct unbecoming an officer, and in what respect was particularly specified. Had no specification been made, he would have been entitled to have the same appended before proceeding to trial. It was appended. He was thereby notified of what the alleged misconduct consisted. The board found that he was not guilty of the misconduct charged, but that he was guilty under the general charge,—of what, may well be asked. *Wellman* v. *Board of Police*, 84 Mich. 558, seems to me to rule the present case. We are not dealing with a summary removal, without charges and without conviction, but we are dealing with a conviction after charges made, and a dismissal based upon that conviction. The question here is not whether petitioner shall or shall not remain on the force, but whether an improper conviction, and a removal based thereupon, shall stand against the relator.

The writ must issue.

Long and Montgomery, JJ., concurred with McGrath, C. J.