(15 Misc. Rep. 38.)

### DE CANIO v. MAYOR, ETC., OF CITY OF NEW YORK.

(Superior Court of New York City, General Term.   December 18, 1895.)

AQUEDUCT INSPECTOR—ABANDONMENT OF OFFICE.

>  An aqueduct inspector will not be held to have abandoned his office by reason of absence from duty from the 1st of one month till the 13th of the next month, without explanation at the time, it appearing that on the 28th of the first month he, on advice of his physician, applied for leave of absence, without pay, to commence on the 1st of the second month; that the application was denied; that on the 13th of the second month he reported for duty, and announced his readiness to go to work, but was told by the division engineer that there was no place for him; that he thereafter saw the chief engineer, who told him to come back again, and he would see; and that he continued to report to the chief engineer repeatedly thereafter, and held himself in readiness to obey his orders, though he was not assigned for duty, till notice was given him of his dismissal from the service.

Action by Francis De Canio against the mayor, aldermen, and commonalty of the city of New York, to recover the sum of $2,588 alleged to be due plaintiff for salary as inspector on the new aqueduct, June 8, 1887, to December 8, 1889.   A verdict was directed in favor of plaintiff, and defendant moves for a new trial on exceptions ordered to be heard at general term in the first instance. Granted, unless plaintiff stipulates to reduce verdict.

Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.

Edward Browne, for plaintiff.

Francis M. Scott (Edward H. Hawke, Jr., and F. E. V. Dunn, of counsel), for defendant.

FREEDMAN, J.   The trial of the issues in this case resulted in the direction of a verdict for the plaintiff for $2,731.91.   The defendants excepted generally to the direction of the verdict, and especially to the amount of the verdict; and the court ordered defendants' exceptions to be heard at the general term in the first instance, and that the entry of judgment upon the verdict be suspended in the meantime.   Although the counsel for the defendants specially excepted to the amount of the verdict, he failed to point out any error of computation, and thus the whole labor of inquiring into the correctness of the amount has been cast upon the court. The plaintiff sues to recover for salary alleged to be due to him as an inspector of masonry on the new aqueduct, from June 8, 1887, to July 8, 1887, and from May 1, 1888, to December 18, 1889, when he was notified that he had been dismissed from the service. The answer admits the appointment of the plaintiff as such inspector

on the 8th day of June, 1887, to take effect July 8, 1887.    At the trial the plaintiff withdrew the claim for the month last mentioned, and admitted that he had resigned as inspector of masonry on October 11, 1889, at which time he was appointed an excise inspector.  The plaintiff, therefore, in the aspect of the case most favorable to him, could recover only arrears of salary from May 1, 1888, to October 11, 1889, at the rate of $120 per month, amounting altogether to $2,080.    The record shows no facts upon which the plaintiff can claim interest, except the fact that on December 9, 1891, he presented his claim to the comptroller of the city of New York for adjustment, and that the said comptroller failed to make adjustment and payment thereof.    Under the circumstances of this case, therefore, the recovery of the plaintiff on the day of the trial, viz. May 21, 1894, could not exceed the sum of $2,080, with interest thereon for 2 years, 5 months, and 13 days, amounting to $306.06, making a total of $2,386.06.    The verdict, as directed, was for $2,723.91 and consequently excessive; but inasmuch as a reduction to the proper amount may be ordered, in case the plaintiff is otherwise entitled to recover a specific sum, it is necessary to consider the other questions in the case.

The defense relied upon is that the plaintiff abandoned his office. The record shows that, at the close of the testimony given by both parties, the court called upon defendants' counsel to state what defense there was; that defendants' counsel answered that the plaintiff had abandoned his employment and left; that the court then inquired what the evidence was on which counsel relied; and that said counsel thereupon stated as follows:

"Mr. Hawke:  The fact that he left the work the 1st of April, claiming that he was sick.  During the month of April he filed a doctor's certificate for that month.  He absented himself without explanation, or without a doctor's certificate, from the 1st of May until the 13th of July, 1889, on which day he came to the division engineer and asked to be put to work; and it was not until that time, after several months of absence without an explanation, that he reported to the division engineer.  We claim that is an abandonment."

No proof had been given of any statute or rule which required a doctor's certificate, and the date, given as the 13th day of July, 1889, was a mistake.    It should have been the 13th day of July, 1888.    Moreover, it was shown that the salary of the plaintiff for the month of April, 1888, had been paid.    The case, therefore, as it appeared before the trial judge, simply presented the question whether the absence of the plaintiff from duty between the 1st day of May, 1888, and the 13th day of July, 1888, without an explanation at the time, constituted an abandonment of the office. It clearly did not as matter of law; for under the statutes of this state neglect of duty by an officer, absence from the place where the duties are to be performed, nonuser of powers, or abandonment are not modes of vacating an office, but, if unjustifiable, are grounds for removing him from office by the proper authority. But even if abandonment might be inferred conclusively from nonuser or neglect of duties, so as to amount in itself to an absolute

vacation, without express renunciation, of the office once lawfully held by the party, it could only be when the nonuser or neglect is not only total or complete, but of such continuance, or under circumstances so clearly indicating absolute relinquishment, as to preclude all future question of the facts.

In the case at bar no such inference of abandonment could fairly be drawn, either by the trial judge or by the jury, because additional facts showed that on May 28, 1888, the plaintiff, on the advice of his physician, applied for leave of absence, without pay, to commence June 1, 1888, which application was denied by the aqueduct commissioners; that he then reported for duty, at least on July 13, 1888, if not before, and announced his readiness to go to work, and was told by the division engineer that there was no place for him; that on his second visit he was told to see the chief engineer; that he saw the chief engineer, who told him to come back again and that he would see; that he continued to report to the chief engineer repeatedly thereafter, and held himself in readiness to obey his orders, but was not assigned to duty, and that it was not until December 24, 1889, that he received notice that he was dismissed from the service. In view of these facts, and the chief engineer not having been called in contradiction, nor his nonproduction explained or accounted for, the defense of abandonment wholly failed. The plaintiff was not even suspended, as the fact was in Gregory v. Mayor, 113 N. Y. 416, 21 N. E. 119. Nor was there an agreement not to claim salary during nonperformance of duty, as the fact was in Emmitt v. Mayor, 128 N. Y. 117, 28 N. E. 19. In the case last referred to the court of appeals, speaking of the office of inspector of masonry, said:

"The office of inspector being one created by the act, when filled, the incumbent became more than a mere ordinary employé or laborer engaged by the commissioners. Besides, it appears that his candidacy for the office must have been certified by a certificate from the civil service commission, and his qualifications further certified to by at least three of the aqueduct commissioners. Such an employé of the work cannot be classified or regarded as a temporary or occasional laborer. He fills an office with certain (more or less) responsibilities attached to it, and he becomes entitled to receive the compensation as it was fixed by the commissioners until they see fit to discharge him."

For the foregoing considerations the plaintiff was entitled to the direction of a verdict, but the amount should not have exceeded the sum of $2,386.06. The record discloses no other error.

Defendants' exceptions should be sustained, the verdict set aside, and a new trial ordered, with costs to the defendants to abide the event, unless the plaintiff stipulate to reduce the verdict to $2,386.06, in which event defendants' exceptions will be overruled, and judgment ordered for the plaintiff, upon the verdict as reduced, without costs at the general term. All concur.