WILKINSON *v.* COMMON COUNCIL OF CITY OF SAGINAW.

MUNICIPAL CORPORATIONS—POLICE OFFICERS—SALARY.

> Under the charter of the city of Saginaw, providing that police officers shall be paid such salary, for the time engaged in "active service," as shall be recommended by the board of police commissioners and approved by the common council, an officer whose removal is improperly ordered, and who ceases to perform the duties of his office pending proceedings for reinstatement, is not entitled, on reinstatement, to salary for the time lost.

*Certiorari* to Saginaw; Kendrick, J. Submitted November 10, 1896. Decided February 18, 1897.

*Mandamus* by John C. Wilkinson to compel the common council of the city of Saginaw to audit and allow his claim for salary as a police officer. From an order denying the writ, relator brings *certiorari*. Affirmed.

*A. H. Swarthout*, for relator.

*E. L. Beach* (*W. G. Gage*, of counsel), for respondent.

MONTGOMERY, J. Relator was removed from the police force of the city of Saginaw December 15, 1894. Subsequently proceedings were instituted by which he was reinstated. *Wilkinson* v. *Saginaw Police Com'rs*, 107 Mich. 394. He thereupon made an application to the

circuit court for *mandamus* to require the common council to audit and pay his account for salary up to the present time. It was held, on his application for reinstatement, that the board had the power to remove summarily, but that it had not proceeded under that power. The return made to the circuit court shows that relator has not performed the services of policeman from the time of his removal, in December, 1894, and that, during most of this time, he has been absent from the State, and has acquiesced in the order removing him. The return further shows that there was no fund against which the common council could issue an order for the payment of relator. This would furnish a sufficient ground for refusing *mandamus;* but, as the question of whether relator is entitled to receive compensation for services since the date of his removal is the meritorious question in the case, we think it proper to dispose of it.

The general rule, undoubtedly, is that where an officer has been prevented, through no fault of his own, from performing the duties of his office, he is entitled to recover his salary during the interim, and it has been held also that in such case he cannot be compelled, in an action to recover his unpaid salary, to account for wages earned in other and different employment. See *Fitzsimmons* v. *City of Brooklyn*, 102 N. Y. 536 (55 Am. Rep. 835). This rule rests upon the ground that the emoluments of the office belong to the officer as an incident of his office; that he is entitled to its full amount, not by force of any contract, but because the law attaches it to the office. But, while this is the general rule, we think the present case is an exception. It is equally well settled that an officer is not entitled to receive compensation for services except as it is fixed by law. Section 5 of title 11 of the charter of the city of Saginaw (Act No. 455, Local Acts 1889) provides, as to police officers, that, "for the time engaged in active service, each member so engaged shall be paid such salary as shall be recommended by the board and approved by the common council." The intention of the

charter was to confer upon the board the power of directing as to the services of each officer, and it makes active service of the member a condition to his receiving any salary whatever.   We think, in view of the fact that the board had the power to remove, and that relator was only entitled to compensation for the time he was in active service, he has not shown himself entitled to receive the compensation asked.

The order of the circuit court will be affirmed.

The other Justices concurred.