### HAWKINS v. BAY CITY.

MUNICIPAL CORPORATIONS—POLICE—COMPENSATION — SUSPENSION.
    Under the charter and ordinances of Bay City, a police officer is not entitled to compensation during the time he is suspended and renders no "active service."

Case made from Bay; Collins, J. Submitted June 14, 1907. (Docket No. 101.) Decided July 13, 1907.

Assumpsit by Hiram J. Hawkins against the city of Bay City for services rendered. There was judgment for plaintiff for less than the amount claimed, and both parties appeal. Affirmed.

*Brakie J. Orr*, for plaintiff.

*S. G. Houghton*, for defendant.

HOOKER, J. The plaintiff is a policeman in Bay City. He was suspended by lawful authority on June 30, 1905. He was tried for neglect of duty and conduct unbecoming an officer, and four of the five members of the committee before whom the trial was had found him guilty of the charges, and recommended that he be discharged. The other member filed a minority report, to the effect

that he was not guilty, and recommended that he be reinstated. The council adopted the minority report, but it was vetoed by the mayor. This occurred on August 17, 1905.

The plaintiff afterwards presented himself frequently and asked to be assigned to duty, but this was refused, and upon November 13, 1905, he filed a petition for mandamus, to compel the mayor and chief of police to assign him to duty and asking compensation. The learned circuit judge held that the mayor had no authority to veto the action of the council, and that, even if he had such authority, the subsequent inaction of the council had operated to dismiss the charges, and he ordered that the relator be reinstated.

Upon the subject of compensation, it appeared that on September 18, 1905, the plaintiff had presented a bill for compensation claimed from June 30 to September 15, amounting to $152. This was referred to a committee of the council and was reported not a legal charge, for the reason that plaintiff had rendered no service, and it was not allowed. The judge held that he was entitled to such compensation only as the council should allow, and suggested in his order that the council would, doubtless, pass upon the entire claim in the manner provided for in the ordinance. It does not appear when this order was made, but the plaintiff was assigned to duty on March 13, 1906. Subsequently the council allowed him $140, as full payment of his claim against the city. He refused to accept this, and began this action to recover his salary, at $60 per month, for the full period that he had been suspended, amounting to about $500.

The cause was tried upon stipulated facts, and the court found:

" 1. That between the 30th day of June, 1905, and the 12th day of March, 1906, both inclusive, the plaintiff was not engaged in 'active service' on the police force as a policeman of the city of Bay City, and therefore is not entitled to the salary payable to a policeman in 'active service,' namely, a salary of $60 a month.

"2. That between said dates the plaintiff, though a member of the police force of said city, was under suspension and therefore only entitled to such compensation as allowed by the common council during the period between said dates.

"3. That the plaintiff is entitled to a judgment against the defendant for the sum of $140 with interest at five per cent., from April 1, 1906, to date, together with costs of suit, and judgment is ordered for the same accordingly."

Both parties have appealed.

Act No. 514, Local Acts 1903, § 90, provides:

"The common council shall, by ordinance, prescribe the powers and duties to be exercised by said committee, and shall place under the direction of said committee, subject to the supervisory control of the council, the care, control and management of the police force, its organization, government, and discipline, and the custody and control of all public property, books, records and equipments thereunto belonging."

The following ordinance provides for compensation:

"SEC. 3. Such committee shall have the power to appoint a chief of police, and one or more captains, lieutenants, sergeants, court officer, sanitary and truant officer, turnkey, police matron, and such number of policemen with pay, and such number of policemen or watchmen without pay, as it shall deem expedient, which appointments other than chief, shall be made from the members of the police force, and may be revoked at any time when, in the judgment of said committee, the best interest of the city demands it, and the officer affected by such revocation be detailed for such duty as shall be designated by the committee, all such appointments and revocations, however, to be subject to the approval of the common council. For the time engaged in active service, the chief, captains and members of the police force shall be paid such sums as shall be recommended by the police committee and approved by the council."

The case is ruled by *Wilkinson* v. *Saginaw Common Council*, 111 Mich. 585, and the judgment is affirmed.

MCALVAY, C. J., and CARPENTER, GRANT, and MOORE, JJ., concurred.