SOLOMON v HIGHLAND PARK CIVIL SERVICE COMMISSION

#### Opinion of the Court

1. **Damages—Mitigation—Words and Phrases.**

   Mitigation of damages is the machinery by which the law seeks to encourage the avoidance of loss; the doctrine protects not just the rights of contracting parties, commercial litigants, tort victims or tortfeasors but rather, the rights of all society.

2. **Municipal Corporations—Labor Relations—Police Officers—Wrongful Discharge—Damages—Mitigation—Words and Phrases—Statutes.**

   A municipality may benefit from the doctrine of mitigation of damages where it has wrongfully discharged a policeman and the policeman is entitled by statute to reinstatement with full back pay; the municipality may reduce the policeman's damages by whatever sums he earned or could have earned in other employment following discharge; the terms "full pay for the entire period", "all back pay" and any variations thereof, in a statute or court order, are all subject to the adopted common law doctrine of mitigation of damages and mean "net back pay" (MCLA 38.514).

3. **Officers—Public Officers—Nature of Classification—Words and Phrases.**

   A public officer is an executive among those involved in government; he is distinguished from an employee by the greater importance, dignity and independence of his position, in being required to take an official oath, and perhaps to give an official bond, in the liability to be called to account as a public offender for misfeasance or nonfeasance in office, and usually, in the tenure of his position.

---

#### References for Points in Headnotes

[1] 22 Am Jur 2d, Damages § 200.

[2, 4] 22 Am Jur 2d, Damages § 70 *et seq.*

[3] 63 Am Jur 2d, Public Officers and Employees § 1.

Distinction between public office and employment. 140 ALR 1076.

CONCURRENCE BY M. F. CAVANAGH, J.

4. MUNICIPAL CORPORATIONS—POLICE OFFICERS—WRONGFUL DIS-
    CHARGE—DAMAGES—MITIGATION.
    *The general rule that a wrongfully discharged employee is enti-*
    *tled to damages equal to back pay less the amount of wages*
    *earned from other employment during the period of discharge*
    *is applicable to a municipal police officer who was wrongfully*
    *discharged.*

Appeal from Wayne, George E. Bowles, J. Sub-
mitted May 12, 1975, at Detroit (Docket No.
19487.) Decided September 22, 1975. Leave to ap-
peal denied, 396 Mich —.

Pursuant to an order of remand of the Court of
Appeals, reported at 47 Mich App 536, William
Solomon was entitled to back pay from the City of
Highland Park. On remand a circuit judge ordered
a certain amount of back pay to be paid. Defend-
ant Civil Service Commission, City of Highland
Park, appeals from the amended judgment by
leave granted. Reversed and remanded.

*Robert W. Larin (Denison, Devine, Porter &*
*Bartush,* of counsel), for plaintiff.

*Ralph A. Modad* and *George W. Moore,* for
defendant.

Before: T. M. BURNS, P. J., and M. F. CAVANAGH
and O'HARA,* JJ.

O'HARA, J. This case is before us a second time
by reason of our order of remand reported at 47
Mich App 536, 541; 209 NW2d 698 (1973):

"Plaintiff is entitled to back pay from September 30,

---
* Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

1969, the date all pending indictments against him were dismissed.

"Reversed, no costs.

"All concurred."

On remand the issue raised was how much "back pay" plaintiff was entitled to. The circuit judge entered a judgment in the amount of $49,-922 plus some $9,601.71 in interest. Subsequently, an amended judgment was entered. The latter judgment did not affect either of the above two provisions.

From this judgment defendant filed a motion in this Court.

The motion was treated as an application for leave to appeal from the amended judgment and leave was granted.

Plaintiff-appellee contends this question is res judicata because the decision in 47 Mich App 536, *supra,* ordered back pay. We think not. The question is not whether appellee is entitled to back pay but how much back pay. The determination of that issue is implicit in the order of remand.

Thus we come to the first of the two essential legal questions. Is appellant city entitled to the benefit of the doctrine of mitigation (or otherwise stated, whether the City of Highland Park may reduce the amount of damages recoverable by the plaintiff by whatever sums the plaintiff has earned or could have earned in other employment following his discharge as a policeman)?

The precise statutory language which is the source of the present controversy is as follows:

"In event that the civil service commission fails to justify the action of the removing officer then the person sought to be removed *shall be reinstated with full pay for the entire period* during which he may have

been prevented from performing his usual employment
* * * ." (Emphasis supplied.) MCLA 38.514; MSA
5.3364.

It would avail nothing to cite copiously from the
impressive number of cases cited *pro* and *contra* in
the parties' briefs and discuss the nuances of the
various statutes, ordinances and classes of em-
ployees involved. Judge (now Justice) LEVIN said it
all in *Hamtramck Civil Service Commission v
Pitlock,* 44 Mich App 410, 414–415; 205 NW2d 293
(1973):

"He is further entitled to back pay for the entire
period of wrongful discharge, amounting to normal
wages which he would have received while working in
his regular employment, *less wages actually earned
during that period."* (Emphasis added.)

By this opinion we are not bound as our panels
may and not infrequently do disagree. However, by
the holding in *Shiffer v Gibraltar Schools,* 393
Mich 190; 224 NW2d 255 (1974), we are bound. It
is a majority opinion of the Supreme Court.

"Having in mind the pattern of *like* remedial legisla-
tion * * * , we cannot ascribe to the Legislature a
purpose of awarding such large amounts without regard
to actual economic loss * * * ." (Emphasis supplied.)
393 Mich at 199.

The *Shiffer* opinion, quoting from McCormick,
Damages, § 33, p 127, took considerable care to
explain the rationale of the mitigation doctrine
and its broad applicability to a multitude of differ-
ent situations. We quote the relevant portions:

"The rights protected by the mitigation doctrine are
not just those of contracting parties, commercial liti-

gants, tort victims or tortfeasors but, rather, the rights
of all society: 'Legal rules and doctrines are designed
not only to prevent and repair individual loss and
injustice, but to protect and conserve the economic
welfare and prosperity of the whole community.'

"Mitigation of damages is, thus, the 'machinery by
which the law seeks to encourage the avoidance of
loss'." 393 Mich at 198.

We note further that the concluding portion of
the order of remand contained the following in-
structions:

"(i) to deduct from the 'salary' Shiffer would have
earned all wages he actually earned that he would not
have earned if he were employed as a teacher, and (ii)
to consider any evidence the school district offers that
Shiffer, through exertion of proper efforts, could have
earned more." 393 Mich at 209.

We are aware of the split in holdings among the
other states, but we perforce follow our Supreme
Court. We read this to be that the terms "full pay
for the entire period", "all back pay" and any
variations thereof are all subject to the Michigan
adopted common law doctrine of mitigation and
mean "net back pay". See *Shiffer, supra.*

However, plaintiff asserts one other basic argu-
ment. He claims that since he is a policeman he is
a "public officer" and as to him the mitigation
doctrine does not apply. In this contention we also
take a contrary view.

A public officer in the general everyday accept-
ance of the term is a special classification of those
involved in government at what may be described
as in an executive classification, whether his eleva-
tion to that status is elective or appointive. His
compensation is fixed by legislative action, state or
local. He does not collectively bargain for his

wages or working conditions, and in no case that we know of are his duties and the standard of performance therefor agreed on by labor contracts. We think this is what Chief Justice COOLEY meant by what he said in 1879:

"An office is a special trust or charge created by competent authority. If not merely honorary, certain duties will be connected with it, the performance of which will be the consideration for its being conferred upon a particular individual, who for the time will be the officer. The officer is distinguished from the employee in the greater importance, dignity and independence of his position; in being required to take an official oath, and perhaps to give an official bond; in the liability to be called to account as a public offender for misfeasance or non-feasance in office, and usually, though not necessarily, in the tenure of his position." *Throop v Langdon*, 40 Mich 673, 682–683 (1879).

We recognize authority to the contrary but we opt to follow what we think was the thrust of his definition. If appellee as a policeman is a "public officer" of Highland Park, then every state policeman is a "public officer" of the State of Michigan. We reject the contention.

Under the mandate of *Shiffer, supra,* we reverse and vacate the modified judgment granting lost pay without mitigation.

We remand the cause to the trial court for determination of "net loss of pay" under the authority of *Shiffer.*[1]

We retain no jurisdiction and award no costs, a public question.

T. M. BURNS, P. J., concurred.

---

[1] We note that our holding here is in some respects arguably at variance with *Parker v Township of West Bloomfield,* 60 Mich App 583; 231 NW2d 424 (1975).

M. F. CAVANAGH, J. *(concurring).* I am in agreement with the result and reasoning of the majority but believe further discussion on the question of the applicability of the doctrine of mitigation is warranted.

The majority analysis relies primarily upon *Shiffer v Gibraltar Schools,* 393 Mich 190; 224 NW2d 255 (1974), and *Hamtramck Civil Service Commission v Pitlock,* 44 Mich App 410; 205 NW2d 293 (1973), to establish the proposition that a back pay recovery must be subject to mitigation by subtracting wages actually earned. Plaintiff asserts, however, that these cases are not applicable to the present facts since they did not involve public employees. His argument is that a wrongfully discharged public officer is entitled to full back pay without the application of the doctrine of mitigation. See *People ex rel Benoit v Miller,* 24 Mich 458 (1872), *Wilkinson v Common Counsel of City of Saginaw,* 111 Mich 585; 70 NW 142 (1897), *Newberry v Smith,* 157 Mich 181; 121 NW 746 (1909).

This conclusion is supported by dictum in *Parker v Township of West Bloomfield,* 60 Mich App 583; 231 NW2d 424 (1975). That opinion concluded that a local police officer was, as a public employee, entitled to full back pay without subtracting wages actually earned—if there was a statutory provision entitling him to back pay. Although plaintiff's discharge was wrongful in that case, the defendant township had not adopted the civil service system or the provisions of MCLA 38.514; MSA 5.3364. Thus, since there was no statutory provision for full back pay, it was unnecessary to determine the applicability of the doctrine of mitigation.

In another context, it has been held that a

member of a police department is a public officer. *Blynn v Pontiac,* 185 Mich 35, 42–43; 151 NW 681 (1915). *Blynn,* however, involved an officer's claim for workmen's compensation. The classification was relevant only for the purpose of determining the benefits of an "employee" as provided for in the city charter.

I conclude that the facts of the present case are considerably different than both *Parker* and *Blynn.* The general rule that a wrongfully discharged employee is entitled to damages equal to back pay less the amount of wages earned from other employment during the period of discharge is more properly applicable. See *Edgecomb v Traverse City School District,* 341 Mich 106, 116–117; 67 NW2d 87 (1954).