### *In Re* TURNER *v.* MELONY, Controller.

A District Judge, inducted into office, with a commission from the Governor showing him to be entitled to it from a certain date, draws the salary annexed to the office from that date.

The question of his eligibility cannot be tried on *mandamus.*

Appeal from the Sixth District.

*Mandamus.* In the fall of 1858, at a general election, Turner

was elected District Judge of the Eighth District for six years. He demanded his commission before January 1st, 1859. The commission was refused by the Governor, who issued a commission for the same office to one Haynes. The title of Haynes to the office was then tested by a *quo warranto,* in the suit of " *The People ex rel. Saunders* v. *Haynes,* (*ante,*) and resulted in a decision by this Court adversely to Haynes. The Governor then issued a commission to Turner, dated May 13th, 1859, as having been elected to the office at said general election, and he took the oath of office according to law.

At the time of his election, Turner was an Inspector of Customs under the United States.

Petitioner applies for *mandamus* to compel defendant, Controller of State, to draw his warrant on the State Treasurer, for the salary of petitioner, as Judge from January 1st, 1859. Defendant, for answer, sets up the ineligibility of Turner, because holding the office of Inspector of the Customs, as aforesaid, averring it to be a lucrative office under the United States.

The answer was demurred to, and the Court below awarded the *mandamus.* Defendant appeals.

*Carr*, for Appellant, argued : that if Turner was ineligible, then, although the title to the office could not be tried by *mandamus,* yet the defendant cannot be compelled to do an illegal act by drawing a warrant. He is not forced to test the eligibility of Turner.

*H. Toler Booraem,* for Respondent.

1. The title to an office cannot be tried in a proceeding to obtain a *mandamus.* (*People* v. *Olds,* 3 Cal. 167.) *A fortiori,* a third person, cannot set up want of title, as a defense to a proceeding by an incumbent of an office, to obtain his salary. (*People* v. *Collins,* 7 Johns. 549.)

2. The incumbent elected to the office is entitled to the whole term and its emoluments. The failure to get his commission was not his fault.

3. The salary commences with the term. The commission is only evidence of the title derived from the election. (*Magee* v. *Supervisors,* 10 Cal. 376; *Wammach* v. *Holloway,* 2 Ala. 31; *Jeter* v. *The State,* 1 McCord, 233; Const. Art. 6, Sec. 5; Wood's Dig. 558.)

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

The Respondent having been inducted into office, and his commission showing him entitled to it from the first day of January last, as Judge of the District Court, is entitled to the salary annexed to the office from that time.

The question of his eligibility cannot be tried on *mandamus*.

Judgment affirmed.