[Civ. No. 5077.  Second Appellate District, Division Two.—May 1, 1926.]

## CHARLES J. ELLIOTT, Petitioner, v. H. R. VAN DELINDER, as County Treasurer, etc., Appellant.

[1] OFFICE AND OFFICERS—INCOMPATIBILITY OF OFFICES—TITLE TO OFFICE—CONSTITUTIONAL LAW.—The inhibition, contained in section 1 of article III of the constitution, that no person "charged with the exercise of powers" under one of the three departments of government "shall exercise any functions appertaining to either of the others," affects the title to offices and means that no person shall hold offices under different departments of the government at the same time, and it exists for the purpose of aiding in the

---

1. Constitutional prohibition against holding office in more than one of the departments of government, see notes in 2 Ann. Cas. 380; L. R. A. 1917A, 235; 8 L. R. A. (N. S.) 235. See, also, 22 R. C. L. 415.

preservation of the barriers which under the American system
have been erected between the three departments.

[2] ID.—TITLE TO OFFICE—QUO WARRANTO—MANDAMUS—STIPULATION.
The statutory proceeding in the nature of *quo warranto* is the
proper remedy by which directly to test the title to all public
offices; and title to office cannot be tested in a proceeding for
a writ of mandate, and particularly is this so where the parties
stipulate that the person against whom the attack is directed is
"the duly qualified" holder of such office.

[3] ID.—INCOMPATIBILITY OF OFFICES—MANDAMUS.—An alleged incom-
patibility of offices raises the question of title, and that question,
as based upon such a claim, cannot be tried in a proceeding in
*mandamus* to compel payment by the county treasurer of a salary
warrant issued by the county auditor.

[4] ID.—ACCEPTANCE OF INCOMPATIBILE OFFICE—WAIVER OF POINT.—
Under the doctrine of incompatibility of offices, an office first
held by an individual becomes vacant by an acceptance by him
of a second office, the duties of which are incompatible with
those of the first; but where the record on appeal from the
judgment in favor of the petitioner, in a proceeding in *mandamus*
to compel payment by the county treasurer of a salary warrant
issued by the county auditor, does not show whether or not peti-
tioner's acceptance of the employment for which he is seeking
compensation came after or before his acceptance of the other
employment, the point of incompatibility of offices is not available
to appellant.

[5] ID.—TITLE TO OFFICE — SALARY AS INCIDENT — STIPULATION.—The
right to receive the salary attached to an office is an incident
to the title to the office, and not to the exercise of its duties;
and where, in a proceeding in *mandamus* to compel payment by
the county treasurer of a salary warrant issued by the county
auditor, it is stipulated that petitioner is "the duly qualified"
holder of the office for which the salary warrant was issued, the
writ should issue directing the payment of petitioner's salary.

---

(1) 29 **Cyc.**, p. 1382, n. 80, p. 1383, n. 86.   (2) 38 **C. J.**, p. 705,
n. 34, 35; 32 **Cyc.**, p. 1420, n. 54; 36 **Cyc.**, p. 1292, n. 69.   (3) 38
**C. J.**, p. 707, n. 45, p. 717, n. 94, 96.   (4) 4 **C. J.**, p. 553, n. 35,
p. 1068, n. 16; 29 **Cyc.**, p. 1382, n. 81.   (5) 38 **C. J.**, p. 716, n. 74,
77; 29 **Cyc.**, p. 1393, n. 73, p. 1423, n. 33.

APPEAL from a judgment of the Superior Court of
Ventura County. Merle J. Rogers, Judge. Affirmed.

---

2. See 22 **Cal. Jur.** 206; 16 **Cal. Jur.** 792; 22 **R. C. L.** 661; 18
**R. C. L.** 254.
5. See 21 **Cal. Jur.** 942.

The facts are stated in the opinion of the court.

Edward Henderson and James C. Hollingsworth for Appellant.

Durley & Downes for Respondent.

WORKS, J.—Petitioner is a township justice of the peace. During his incumbency of that office he also held an employment with the department of engineering of the state, under which employment his duties were to obtain rights of way for the construction and installation of certain state highways. He has been engaged in the discharge of the duties of the employment and has received for his labors in that behalf a certain salary from the state treasury. The auditor of the county in which petitioner holds his office as justice of the peace issued to him a warrant for his salary as justice, for a month during which he had exercised his employment under the department of engineering and for which he had been paid his salary by the state. Petitioner presented the warrant to defendant, the county treasurer of the county, and defendant refused to pay it. Petitioner then filed in the superior court his petition for a writ of mandate requiring defendant to make the payment. An alternative writ issued, defendant answered and the proceeding came on for trial on an agreed statement of facts. Judgment was rendered directing the issuance of a peremptory writ and defendant appeals.

Section 1 of article III of the constitution of the state reads: "The powers of the government of the state of California shall be divided into three separate departments—the legislative, executive, and judicial; and no person charged with the exercise of powers properly belonging to one of these departments shall exercise any functions appertaining to either of the others, except as in this Constitution expressly directed or permitted." It is contended by appellant that respondent comes within the inhibition of this section in his attempt to discharge the duties of both his judicial position and his employment above mentioned, and that, as he has received his salary for the month under the employment, he is not entitled to the salary for that period as justice of the peace. We cannot perceive how this ques-

tion is to be considered in the present proceeding.  **[1]**  It is too plain for argument that the constitution, in its provision that no person "charged with the exercise of powers" under one of the departments of government "shall exercise any function appertaining to either of the others," affects the title to offices.   The inhibition means that no person shall hold offices under different dep. tments of the government at the same time, and it exists for the purpose of aiding in the preservation of the barriers which under the American system have been erected between the three departments.  The truth that the section deals with the titles to offices permeates the opinion of the supreme court in the leading case of *People* v. *Provines,* 34 Cal. 520.

**[2]**  The facts of the present proceeding appear in a stipulation entered into by the parties, which recites that, during the time covered by the salary warrant issued to respondent by the county auditor, he was "the duly qualified justice of the peace" of a certain township.  The stipulation therefore fixes his title to the office.  If, however, that question were not settled as a matter of fact, and if appellant were contending in this proceeding that respondent had forfeited the office of justice of the peace by discharging the duties of his employment under the department of engineering of the state, the feat could not be accomplished.  "The statutory procedure in the nature of *quo warranto* is the proper remedy by which directly to test the title to all public offices" (22 Cal. Jur. 206), and it has been declared frequently that the question cannot be tried collaterally (*People* v. *Sassovich,* 29 Cal. 480; *People* v. *Provines, supra; Matter of Danford,* 157 Cal. 425 [108 Pac. 322]).  It has been decided, specifically, that the title to an office cannot be tested in a proceeding for the writ of mandate (*Turner* v. *Melony,* 13 Cal. 621).

**[3]**  It is contended that the office of justice of the peace, held by respondent, is incompatible with the employment exercised by him under the engineering department of the state and that therefore he cannot hold the office.  There are several reasons why this point is not available to appellant. In the first place, an alleged incompatibility of offices raises the question of title (*People* v. *Garrett,* 72 Cal. App. 452 [237 Pac. 829]), and that question, as based upon such a claim, can no more be tried in this proceeding than can the question sought to be presented under section 1 of article

III of the constitution. **[4]** Further, under the doctrine of incompatibility of offices an office first held by an individual. becomes vacant by an acceptance by him of a second office the duties of which are incompatible with those of the first (*People* v. *Garrett, supra*), but the petitioner here fails to allege whether or not respondent's acceptance of the employment under the engineering department came after his acquisition of the office of justice of the peace. Other reasons why the question of incompatibility of offices cannot be urged by appellant need not be stated.

**[5]** The right to receive the salary attached to an office is an incident to the title to the office, and not to the exercise of its duties (21 Cal. Jur. 942). Therefore, the title of respondent to the office of justice of the peace being conceded by the stipulation of the parties, and, even if it were not, the title not being impeachable in the present proceeding, it follows that respondent is entitled to the payment of the installment of his salary as justice of the peace which is in question here.

Judgment affirmed.

Finlayson, P. J., and Craig, J., concurred.