[Civ. No. 5195.   Third Appellate District.—January 21, 1935.]

F. W. DERRICK, Respondent, v. CITY OF VALLEJO, Appellant.

Russell F. O'Hara, City Attorney, for Appellant.

F. W. Sawyer for Respondent.

THOMPSON, J.—The City of Vallejo has appealed from a judgment which was rendered in favor of the plaintiff for the fixed salary to which he was entitled as poundmaster during a period of. time in which, by a resolution of the city, he was forced to take a vacation, or refrain from performing his duties as such officer.

The cause was heard on stipulated facts. The City of Vallejo operates under a charter. (Stats. 1911, p. 1958.) Pursuant to the charter an ordinance was adopted creating the office of poundmaster and authorizing the city council to appoint that officer. The ordinance authorizing the appointment provides that ''The Poundmaster shall be appointed by the Council and shall hold office at its pleasure.'' The resolution employing him reads as follows: ''Be it resolved . . . that F. W. Derrick be and he is hereby appointed Poundmaster of the City of Vallejo, said appointment to date from December 1st, 1918.'' He was placed under bond in the sum of $1,000. His salary was definitely fixed at $150 per month. Prior to December, 1932, the plaintiff was appointed, qualified and served as poundmaster of Vallejo for some time at a fixed salary of $150 a month. There was ample money in the fund from which his salary was payable for the satisfying of that obligation during the fiscal year which is involved in this suit. The faithful performance of the plaintiff's official duties during his incumbency is not questioned. On December 21, 1932, ''without the request or consent of the plaintiff'', the following resolution was adopted by the city council: ''Be it resolved . . . that a leave of absence for Ninety (90) days, without pay, from December 26, 1932, be, and the same is hereby granted to F. W. Derrick, Poundmaster, during which time he is hereby relieved from all duties in connection with the office of Poundmaster of the City of Vallejo.''

The plaintiff was not again permitted to resume the performance of his official duties. The plaintiff was not relieved of his office. He was merely granted a temporary ''leave of absence''. March 23, 1933, the office of poundmaster was abolished. The plaintiff thereafter presented his claim to the City of Vallejo for the fixed salary to which he was entitled during the period of time he held the office of poundmaster without being permitted to perform the duties of that office by virtue of the enforced vacation. The claim amounted to $545. This claim was rejected. Suit was thereupon commenced against the city to recover that sum. Upon the foregoing facts the court adopted findings favorable to the plaintiff and rendered judgment accordingly. From that judgment the city has appealed.

■ The appellant contends that since the ordinance which creates the office of poundmaster provides that "The Poundmaster shall be appointed by the Council and shall hold office *at its pleasure*," the plaintiff may be suspended without pay at the will of the council during any period of time, and that the power to remove an officer necessarily includes the power to suspend him. (*Burnap* v. *United States,* 252 U. S. 512 [40 Sup. Ct. 374, 64 L. Ed. 692]; *Shannon* v. *Portsmouth,* 54 N. H. 183; *State ex rel.* v. *Lingo,* 26 Mo. 496.) There is no doubt of the soundness of that principle, when one is suspended from office for cause. (46 C. J. 1016, sec. 236.) But it has been held that an officer who has been suspended without cause is entitled to his compensation while he retains his office. (Mechem on Public Officers, p. 581, sec. 865; *Wardlaw* v. *New York,* 137 N. Y. 194 [33 N. E. 140]; *Emmitt* v. *New York,* 128 N. Y. 117 [28 N. E. 19].)

In the case of *Burnap* v. *United States,* 252 U. S. 512 [40 Sup. Ct. 374, 64 L. Ed. 693], upon which appellant relies, it was held that in the absence of the existence of a statute to the contrary, the power to remove an officer is incident to the power to appoint him, and that the power to suspend him is incident to the power to remove him. But in that case the officer was suspended *for cause* under the provisions of rule XII of the Civil Service Act. The court says in that regard: "On September 14, 1915, he (the officer) was suspended, *upon charges,* from duty and pay."

In the present case the plaintiff was not relieved of his office. He was merely granted "a leave of absence" without pay. During all the time in question he retained his tenure of office, and is therefore entitled to his compensation as a necessary incident to holding the office. There is a distinction between suspending one's tenure of office, and merely granting one a leave of absence. Webster's New International Dictionary defines the word "suspend" as "to cause to cease for a time". It is the right to the tenure of the office and not a merely temporary relief from the duties thereof which is determinative of the right to compensation in this case. The plaintiff's *right to his office* was not caused to cease for any period of time until the office was finally abolished.

We are of the opinion that while the plaintiff as a duly appointed officer lawfully retained his office of poundmaster and held himself in readiness to perform the duties of his office, he could not be deprived of his right to compensation. It is conceded that the plaintiff retained his office and the right thereto until it was abolished March 23, 1933. It is stipulated that his ''leave of absence'' was declared by the council without his request or consent. It is conceded that his temporary suspension or relief from the performance of his duties was voted without cause. We may assume that at all times during the interval that he was unemployed he held himself in readiness to perform his duties as poundmaster. No reason for suspending the performance of his duties is assigned. Indeed, the appellant asserts that the council had power to suspend him at will without cause. When an officer is able to and does hold himself in readiness to perform his duties during a certain period of time for the purpose of determining whether he has earned his salary, it may be implied that he has performed his duties, and the liability for the payment of salary under such circumstances attaches. ■ It is a well-established rule of law that the right to compensation attaches to a public office as an incident to the title to the office and not to the mere exercise of the functions thereof. The fact that an officer does not actually perform the duties of an office does not necessarily deprive him of the right to compensation provided he has a legal right to the office and holds himself in readiness to perform the functions thereof. (46 C. J., p. 1014, sec. 233; 21 Cal. Jur., p. 942, sec. 120; *Elliott* v. *Van Delinder*, 77 Cal. App. 716, 720 [247 Pac. 523]; *City of Oakland* v. *Lyckberg*, 95 Cal. App. 71 [272 Pac. 606].)

For the reason that it appears the plaintiff was never relieved of his office during the period of time which is involved in this action, but, on the contrary, that he was merely granted a leave of absence, the court properly held that he was entitled to compensation as a necessary incident to the title to his office.

The judgment is affirmed.

Pullen, P. J., and Plummer, J., concurred.