[Civ. No. 20855.   First Dist., Div. One.   July 16, 1963.]

PATRICK SARSFIELD HALLINAN, Plaintiff and Appellant, v. THOMAS J. MELLON, as City and County Police Commissioner, etc., et al., Defendants and Respondents.

Vincent Hallinan for Plaintiff and Appellant.

Steinhart, Goldberg, Feigenbaum & Ladar and Neil E. Falconer for Defendants and Respondents.

BRAY, P. J.—Plaintiff appeals from judgment in favor of defendants after order sustaining demurrer without leave to amend.

### QUESTION PRESENTED

Is the action one to try title to public office which can only be done by quo warranto?

### RECORD

Plaintiff brought a taxpayer's suit against Thomas J. Mellon, a member of the Police Commission of the City and County of San Francisco, and his surety, St. Paul Fire and Marine Insurance Company, for an injunction to restrain alleged wrongful payment of moneys to defendant Mellon and for the return of moneys allegedly wrongfully procured. The complaint alleged Mellon's appointment on January 10,

1956, as a member of the police commission and that he has continued to act as such member. Then follow appropriate allegations concerning the execution of a bond by defendant St. Paul to ensure the faithful performance by Mellon of the duties of his office. The complaint sets forth the following excerpt from the San Francisco Charter: "No person shall be appointed as a member of any Board or Commission unless he shall have been a resident of the City and County for a period of at least five years and an elector thereof for at least one year immediately prior to the time of his taking office . . . and shall continue to be a resident of the City and County during his incumbency of office and, upon ceasing to be such resident, shall be removed from office."

It is alleged that at the time of his appointment Mellon was not, and has never since been, a resident of San Francisco; that he has received, as such police commission member, a salary of $100 per month ever since his appointment, a total of $7,200; that his acceptance of such salary is illegal. Demand was made on the board of supervisors and the city attorney to bring an action against Mellon to compel the repayment of said moneys, which action they refused to take. Plaintiff prays for judgment restraining the payment of any salary to Mellon, and for a judgment against both defendants for the repayment to San Francisco of all moneys illegally paid defendant Mellon.

Defendants demurred generally and on grounds of plaintiff's legal capacity to sue, and the court's lack of jurisdiction of the subject matter. The court sustained the demurrer without leave to amend "for the reason that Quo Warranto is the only legal method of determining title to office."

*Quo Warranto the Only Remedy.*

Plaintiff concedes that if this is an action to try title to public office it will not lie, as title to public office may be tried only by quo warranto. (See 41 Cal.Jur.2d 614-615.)

Plaintiff contends, however, that title to office is merely incidental here and that a taxpayer can compel a public officer who has been illegally appointed to repay the salary received by him. Plaintiff relies on a number of cases which are not in point. In *Osburn* v. *Stone* (1915) 170 Cal. 480 [150 P. 367], a suit by a taxpayer to recover sums allegedly illegally expended by the City Council and Mayor of Santa Cruz, for municipal improvements, legal services illegally contracted for, and the salary paid the city "humane officer," the court held that the action could be maintained to

recover illegal expenditures of the type alleged except for the sums paid to the humane officer. In *Mines* v. *Del Valle* (1927) 201 Cal. 273 [257 P. 530], the court held, in a taxpayer suit against certain city officials to recover funds illegally expended by them for election literature and propaganda, that the officials could be required to repay such funds to the city treasury. *Miller* v. *McKinnon* (1942) 20 Cal.2d 83 [124 P.2d 34, 140 A.L.R. 570], was a taxpayer's suit against certain county officials to recover money illegally expended by them for public construction. In *Citizens' etc. Pensions* v. *Board of Supervisors* (1949) 91 Cal.App.2d 658 [205 P.2d 761], a taxpayer challenged propriety of payment by a county board of supervisors of "dues" to the County Supervisors Association. *Wirin* v. *Horrall* (1948) 85 Cal. App.2d 497 [193 P.2d 470], was a taxpayer's suit to recover funds illegally expended by police officers. In none of these cases was the title to public office involved.

In *Briare* v. *Matthews* (1927) 202 Cal. 1 [258 P. 939], a taxpayer sued city officials and their sureties to recover salaries paid to two persons while they were serving as members of the city police force, on the ground that said persons were illegally appointed. The trial court held the appointments illegal and ordered that all money paid them be returned to the city treasury. On appeal the judgment was reversed because the two causes of action were improperly united. However, the reviewing court held that the appointment of one of the officers was legal and that of the other illegal. The issue of the propriety of the form of action was not raised as there is no discussion of the rules of law that are in issue in our case. Moreover, we have examined the briefs before the Supreme Court in that case and find no suggestion of the impropriety of the form of action, nor of the lack of jurisdiction of the court to decide the issue ·of the eligibility of the parties to their respective positions.

Plaintiff relies upon the language of the judge of the superior court (*Briare* v. *Matthews,* 2 Ragland, Superior Court Decisions, 64), to the effect that title to office might be inquired into other than in a quo warranto proceeding. Suffice it to say that the rule was not determined on the appellate level in *Briare,* and that the weight of appellate authority is to the contrary. Hence the decision is not persuasive.

*Bannerman* v. *Boyle* (1911) 160 Cal. 197 [116 P. 732], was a mandamus action brought by a member of the San Francisco Board of Education against the city auditor to

346

compel payment of his monthly salary. The defendant challenged the plaintiff's title to office. The court held that where an officeholder seeks affirmative relief the title to his office may be questioned. The case is not authority for challenging title to office by a taxpayer.

In *Brown* v. *Boyd* (1939) 33 Cal.App.2d 416 [91 P.2d 926], a taxpayer sued to enjoin city officials from paying salary to certain police officers contending that the positions of these officers had been created contrary to the charter and to the state Constitution and hence the positions did not legally exist. The court held that the offices were illegally established and that the ordinance appropriating funds to pay salaries attached to such offices fell with the ordinance creating the offices. ▮ Strictly speaking, an attack upon the creation of an office is not the trial of title to the office. A taxpayer may attack the legality of the office, but not the right of an incumbent to an office, as is attempted in our case.

*Terry* v. *Bender* (1956) 143 Cal.App.2d 198 [300 P.2d 119], dealt with a taxpayer's suit against the Mayor and Treasurer of Compton and one John Bender, who had been engaged by contract as a ''special attorney'' for the city to protect its rights as to certain real property and to clear title thereto. It was contended that for several reasons the contract employing Bender was illegal. The court held that the action was authorized by section 526a of the Code of Civil Procedure as an action to restrain the illegal expenditure of city money. Obviously, Bender was not a public officer and the action was to test the validity of a contract, not to try title to office.

*Ahlgren* v. *Carr* (1962) 209 Cal.App.2d 248 [25 Cal. Rptr. 887], was a taxpayer's suit to enjoin the Director of Finance and the Controller of the State of California from alleged illegal expenditure of state funds under contracts for the purchase of school textbooks. The holding by the court that a taxpayer may enjoin an illegal expenditure of state moneys by a state official is obviously not in point here.

Nor is *Stigall* v. *City of Taft* (1962) 58 Cal.2d 565 [25 Cal.Rptr. 441, 375 P.2d 289]. In that case the court upheld the right of a taxpayer to bring a suit to determine the validity of a plumbing work contract entered into by the city and a concern of which one of the city council members (who had participated in the preliminary negotiations for the contract) was the owner.

*Klose* v. *Superior Court* (1950) 96 Cal.App.2d 913 [217 P.2d 97], is in point here. There a taxpayer filed a man-

damus action in the superior court against the City Council of the City of San Carlos, demanding that an election be called to fill a vacancy allegedly created because a member of the city council (Klose) had allegedly become a nonresident. Thereafter Klose filed a petition in the District Court of Appeal for a writ of prohibition ordering the superior court to refrain from further proceedings in the mandamus action. The ground relied on by Klose in his petition was that title to his office could be attacked only in a quo warranto proceeding. The taxpayer admitted that if the question of title to office was the main issue, the proper remedy is quo warranto. But it was contended, just as plaintiff contends in the case at bench, that title to office was merely incidental to the filling of the office. The court answered that contention in this way: ''This is putting the cart before the horse, for until some authority decides the dispute as to whether a vacancy exists, there is nothing to fill.'' (P. 917.) The court went on to hold, after extensive discussion of the cases, that mandamus was not the proper remedy to compel a board to fill a vacancy when the fact of vacancy is in dispute, but that quo warranto was the proper remedy. The court granted the writ of prohibition, quashing the taxpayer's action.

In *Elliott* v. *Van Delinder* (1926) 77 Cal.App. 716 [247 P. 523], a justice of the peace sought a writ of mandate to compel the county treasurer to pay a salary warrant. The treasurer resisted payment on the ground that the petitioner held two incompatible state offices, the other as an employee of the state engineering department, and was entitled to payment for only one of them. The court held that the alleged incompatibility of office raised the question of title to office inasmuch as the right to salary was an incident to the title to office and that this question could be raised only in an action of quo warranto. As the justice of the peace was a de facto officer and title to his office could not be tried in this character of proceeding, the judgment granting writ of mandate was affirmed. This case is seemingly in conflict with the case of *Bannerman* v. *Boyle, supra,* 160 Cal. 197, cited by plaintiff. In *Klose, supra,* this court distinguished the cases thusly: ''Where a de facto officer brings mandate for some incident of office, the writ lies, the court adopting one of two alternate theories: (a) Legal title is an incidental issue and can be passed on by the court. (*Bannerman* v. *Boyle,* 160 Cal. 197, 203 [116 P. 732] [mandate for pay].) (b) The petitioner is entitled to the incidents of office based on his

de facto occupancy. Legal title is not in issue, and *lack* of legal title cannot be raised by the *defendant*. (*Turner* v. *Melony*, 13 Cal. 621 [mandate for pay]; *Elliott* v. *Van Delinder*, 77 Cal.App. 716 [247 P. 523] [mandate for pay].)" (96 Cal.App.2d at p. 920; italics the court's.)

The following cases hold that a proceeding in mandate to compel the payment of salary to a person out of office does not lie when that office is filled by a de facto officer since such action would try title to the office and that quo warranto must first be brought to determine title: *Meredith* v. *Board of Supervisors* (1875) 50 Cal. 433 (action in mandate to compel Board of Supervisors of Sacramento County to recognize the petitioner as the chairman of the board instead of the person acting as such); *Humburg* v. *Board of Police & Fire Comrs.* (1915) 27 Cal.App. 6 [148 P. 802] (mandate proceeding by police officer who lost his position by reason of reduction in personnel to compel the board of police and fire commissioners to appoint him to one of the remaining positions, all of which were filled); *Black* v. *Board of Police Comrs.* (1911) 17 Cal.App. 310 [119 P. 674] (facts similar to those in *Humburg, supra,* the court distinguished *Bannerman, supra,* on the ground that Bannerman was both the de facto and the de jure officer). *Barendt* v. *McCarthy* (1911) 160 Cal. 680 [118 P. 228], and *Purviance* v. *Compton* (1928) 94 Cal.App. 277, 280 [271 P. 120], hold that title to public office cannot be tried by injunction.

█ It is clear from the authorities that as the right to receive salary is an incident to the title to the office, and not to the exercise of its duties (*Elliott* v. *Van Delinder, supra,* 77 Cal.App. at p. 720; *Derrick* v. *City of Vallejo* (1935) 4 Cal.App.2d 25, 28 [40 P.2d 949]), an action to determine the de facto officer's right to salary therefore is an action to try title to the office.

█ The instant action is actually one to try title to the office of police commissioner. This may be done only by quo warranto. (See 3 McQuillin, Municipal Corporations, §§ 12.90, 12.91, 12.92; 3 Witkin, Cal. Procedure, p. 2483.)

█ Although not appearing in the record, plaintiff states in his briefs that Mr. Mellon, subsequent to the judgment in this case, resigned his office. This fact is irrelevant to this appeal as we are required to determine it only upon what was before the trial court, namely, the complaint and the demurrer.

The judgment is affirmed.

Sullivan, J., and Molinari, J., concurred.