[Civ. No. 69062. Second Dist., Div. One. Feb. 7, 1984.]

JAMES T. WOODWARD, Plaintiff and Respondent, v.
COUNTY OF LOS ANGELES et al., Defendants and Appellants.

## COUNSEL

John H. Larson, County Counsel, Donald K. Byrne, Chief Deputy County Counsel, and Halvor S. Melom, Deputy County Counsel, for Defendants and Appellants.

Helms, Hanrahan & Myers and James R. Helms, Jr., for Plaintiff and Respondent.

## OPINION

GUTIERREZ, J.*—Defendant (County of Los Angeles) appeals from a declaratory judgment in plaintiff's (Woodward) favor declaring that plaintiff is entitled to receive a lump sum payment at retirement which is equivalent to the number of days of vacation earned during his last year plus the number of days earned but not taken in the previous year up to a maximum of 31 days.

### STATEMENT OF FACTS

On May 1, 1979, James T. Woodward (Woodward) retired after working for several years as a municipal court commissioner for the County of Los Angeles in the Santa Anita Judicial District and in the Burbank Judicial District. During the previous year, while planning for his impending retirement, Woodward obtained from the chief clerk and administrative officer

---

*Assigned by the Chairperson of the Judicial Council.

of his court a copy of an informal opinion letter issued by the county counsel on September 14, 1978, addressing the issue of leaving vacation.

The opinion letter stated that a municipal court commissioner may elect to receive either a leaving vacation or a lump sum payment to a maximum of 31 days, based upon 10 days allowable carryover (if available) from the previous year and twenty-one (21) days as accrued on a monthly basis in the current year. Based upon that letter, Woodward attempted to maximize his retirement benefits and allowance by not taking 31 days of accrued vacation time before retiring. He retired on May 1, 1979, and requested a lump sum payment equivalent to 31 days of earned but unused vacation time. The request for payment was denied.

A second opinion letter by the county counsel had been issued dated February 7, 1979. Woodward did not receive a copy of the second opinion letter and this letter was not distributed to the Clerk of the Santa Anita Municipal Court. At the time of his retirement, Woodward was assigned to the Santa Anita Judicial District as a municipal court commissioner.

The opinion letter of February 7, 1979, states in part: "In the opinion of this office, commissioners of each of the County's twenty-five judicial districts may not, in the absence of statutory authorization, accrue paid vacation benefits as a form of employment compensation. Accordingly, upon separation from that position commissioners would not be entitled to leaving vacations, or equivalent lump sum payments, predicated on previously earned but unused vacation time."

After notification of the denial of the lump sum payment, Woodward filed an action for declaratory relief which was tried on stipulated facts.

The only issue is whether the provisions of Government Code section 72606 apply to commissioners of a municipal court district in the County of Los Angeles. Section 72606 would entitle such a commissioner to a leaving vacation or an equivalent lump sum payment, if available, upon his separation from office.

The trial court entered judgment for Woodward and against the county. The county appeals.

DISCUSSION

In Los Angeles County, the Legislature has delineated three separate sets of Government Codes to provide for court commissioners.

*Los Angeles County*
*Superior Court Commissioners*

The appointment of Los Angeles Superior Court commissioners is authorized by Government Code section 69894.1. (All further code sections will be Gov. Code sections, unless otherwise specified.)

Section 69894.1 also prescribes the salary of the superior court commissioners and states, in part: "Whenever the compensation of superior court judges is adjusted, the flat-rate salaries for court commissioners and senior referees shall be adjusted to maintain the salary relationship of 85 percent of the annual compensation of superior court judges."

Section 69894.3 provides that employees of the superior court "shall be entitled to such step advancement, *vacation, sick leave,* holiday benefits and other leaves of absence and other benefits as may be directed by the rules of court." (Italics added.) In addition to the benefits allowed while the employee is actively employed, the section continues: "Such benefits shall also include the same lump sum payments for sick leave and vacation for the superior court employees when they are separated from the service as are made to county employees of such county; *except that lump sum payments to court commissioners when separated from the service of the superior court shall be limited to accrued vacation only, exclusive of accrued sick leave.*" (Italics added.)

The Legislature therefore has provided that superior court commissioners receive (1) specified salary; (2) vacation, sick leave, etc., and other benefits while on the job; and (3) lump sum payment of accrued vacation when separated from service.

*Los Angeles Judicial District*
*Municipal Court Commissioners*

The appointment and compensation of Los Angeles Judicial District Municipal Court commissioners is authorized in section 72701 of the Government Code. In regard to the compensation, the section states: "Each commissioner . . . shall receive a monthly salary in the same sum *as is paid the Court Commissioners of the Superior Court* of the County of Los Angeles. . . . In no event shall such salary exceed the salary provided for the judges of the municipal courts." (Italics added.)

Although there is no specific statutory provision for vacation or sick leave while the municipal court employee is actively on the job, the county counsel concedes in their opening brief that the court in the case of *Rivas* v.

*County of Los Angeles* (1961) 195 Cal.App.2d 406 [15 Cal.Rptr. 829], specifically held that municipal courts have the power to "grant reasonable time off for sick leave or vacations to currently employed commissioners while such commissioners continue to receive their full salary." The county quotes from the county counsel's letter of February 7, 1979, when discussing the *Rivas* case, *supra,* "the Court of Appeal held that constitutional courts possess the inherent power, in the absence of otherwise controlling authority, to regulate sick leave and vacations of court personnel. It is further noted in this respect that Government Code Section 72002.1 authorizes the municipal courts to adopt rules governing the personnel privileges to be accorded personnel of their courts."

Thus, the authority to permit vacations and sick leave during the period of active employment is established.

As to leaving vacation payments, Government Code section 72606 applies to the Los Angeles Municipal Courts and states: "Any person who leaves a position enumerated in Articles 2, 3, or 4 of Chapter 9 who immediately prior to such separation, shall have occupied such position for one year or more, shall be allowed a leaving vacation consisting of the number of days earned during the current year and the number of days earned but not taken in the previous year, or may be allowed an equivalent *lump sum payment* for such earned vacation in lieu of retaining such person on the payroll. Such person may not be reemployed in any position the compensation for which is an obligation of the County of Los Angeles until the number of days for which he has been paid has elapsed." (Italics added.)

Article 3 of chapter 9 deals specifically with court officers, attaches and employees in the municipal courts in the City of Los Angeles who are mentioned in section 72700 et seq. The Los Angeles Judicial District Municipal Court commissioners authorized in section 72701 are clearly within that article and definition.

With section 72606, the Legislature has completed the package of compensation benefits by allowing the commissioners of the Los Angeles Municipal Court to take earned but unused vacations as leaving vacations or equivalent lump sum payments under certain conditions. The clear intent of the Legislature is evidenced by the fact that even though other superior court personnel are allowed to take both accrued sick pay and accrued vacation pay when separating from employment, both the superior court commissioners and the municipal court commissioners are allowed to take *only* accrued vacation pay, thus keeping them in parity with one another.

Thus, the Legislature and case law have provided that Los Angeles Municipal Court commissioners are also to receive (1) specified salary; (2)

vacation, sick leave, etc., and other benefits while on the job; and (3) lump sum payment of accrued vacation when separated from office.

*Other Judicial District Municipal*
*Court Commissioners in Los Angeles County*

The appointment, salary and vacation authorization for the other judicial districts in Los Angeles County is similar to that of the Los Angeles Judicial District Municipal Court commissioners.

The appointment of municipal court commissioners for the other 24 judicial districts in Los Angeles County is authorized in section 72758, while the compensation and qualifications are set out in section 72759. Compensation is to be "an annual salary equal to that provided by law for *Commissioners of the Municipal Court, Los Angeles Judicial District*" (which is equivalent to the salary of superior court commissioners). (Italics added.) Thus, all three have salary parity.

The case of *Rivas* v. *County of Los Angeles, supra*, 195 Cal.App.2d 406, and section 72002.1 apply equally to these commissioners. Thus, all municipal courts in Los Angeles County may provide for reasonable grants of sick leave and vacation during active employment.

Government Code section 72606 also governs accrued vacation for the commissioner of the other municipal court districts in Los Angeles County because they are enumerated in article 4 of chapter 9 as specified in section 72606. Thus, as with Los Angeles Municipal Court commissioners, other Los Angeles County commissioners are also entitled to take earned but unused vacation as leaving vacation or equivalent lump sum payment under certain conditions. Since the Legislature has thus provided, the county counsel's argument that the vacation payment amounts to an impermissible raise in salary is without merit.

When applicable code sections and case law regarding compensation benefits for commissioners are examined, it is reasonable to conclude that the Legislature intended that the commissioners of both the superior courts and the municipal courts in Los Angeles County receive (1) equivalent salary; (2) reasonable vacations and sick pay and other privileges while actually employed; and (3) accrued vacation as either a leaving vacation or as an equivalent lump sum payment upon separation from office. The clear legislative intent was to establish parity.

Under the rules of the Santa Anita Municipal Court, Woodward had become entitled to 31 days of vacation which he elected to take as an equiv-

alent lump sum at his retirement. The trial court held that Woodward is entitled to 31 days leaving vacation pay and ordered the auditor-controller of the County of Los Angeles be directed to issue a warrant to Woodward which shall include interest at the legal rate from June 1, 1979. We agree.

The judgment is affirmed.

Spencer, P. J., and Lillie, J., concurred.