TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

| | | |
|---|---|---|
| OPINION | : | No. 93-906 |
| of | : | |
| | : | April 1, 1994 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

The CITY OF VICTORVILLE and the VICTOR VALLEY ECONOMIC DEVELOPMENT AUTHORITY have requested leave to sue in quo warranto to prevent the City of Adelanto and the Redevelopment Agency of Adelanto from redeveloping George Air Force Base.

DISPOSITION

Leave to sue in quo warranto to prevent the City of Adelanto and the Redevelopment Agency of Adelanto from redeveloping George Air Force Base is denied.

ANALYSIS

This application for leave to sue in quo warranto represents one of many chapters in a continuing five-year struggle between the Victor Valley Economic Development Authority ("VVEDA") and the City of Adelanto and the Redevelopment Agency of Adelanto ("Adelanto") to acquire and redevelop George Air Force Base ("GAFB") located in Victor Valley, San Bernardino County. VVEDA asserts an exclusive right to redevelop GAFB pursuant to a legislative grant of authority (Health & Saf. Code, § 33320.5, *infra)* and accordingly alleges that Adelanto is usurping and intruding into its exclusive franchise.

Section 803 of the Code of Civil Procedure[1] provides that "[a]n action may be brought by the attorney general, in the name of the people of this state, upon his own information, or upon a complaint of a private party . . . against any corporation, either de jure or de facto, which usurps, intrudes into, or unlawfully holds or exercises any franchise within this state." As used in the statute, "private party" has been construed by this office to include public entities as relators. (76 Ops.Cal.Atty.Gen. 157, 163 (1993).)

---

[1]All references hereafter to the Code of Civil Procedure are by section number only.

An action authorized by section 803 is maintained "in the interest of the public . . . ." (67 Ops.Cal.Atty.Gen. 151, 153 (1984); see *City of Campbell* v. *Mosk* (1961) 197 Cal.App.2d 640, 648-650.)  In determining whether to grant leave to sue, this office considers:  (1) whether the application has raised a substantial issue of law or fact which a court should decide and (2) whether it would be in the public interest to grant leave to sue.  (See, e.g., 77 Ops.Cal.Atty.Gen. 7, 8 (1994).)

We have determined on a number of occasions that it would not be in the public interest to grant leave to sue where the issues presented in the quo warranto application are pending in another action or actions before the courts.  (See, e.g., 74 Ops.Cal.Atty.Gen. 31, 32 (1991); 73 Ops.Cal.Atty.Gen. 188, 190 (1990) 73 Ops.Cal.Atty.Gen. 109, 110 (1990).  As we recently stated: "We do not deem it within the public interest to try the same issues in multiple proceedings."  (74 Ops.Cal.Atty.Gen., *supra*, at p. 32.)

A.      Factual Background

In January of 1989, the United States Secretary of Defense announced the closure of GAFB.[2]  At the time of the announcement, 5075 acres of GAFB were located in unincorporated territory and 275 acres were located within Adelanto.

In September of 1989, the Legislature enacted Health and Safety Code section 33320.5 as part of the Community Redevelopment Law (Health & Saf. Code, §§ 33000-33855) to govern the redevelopment of GAFB.  The statute currently provides in part:

"(a) . . . the requirement that privately owned land within a project area by `predominantly urbanized,' . . . shall not apply to privately owned land within a project area, if the privately owned land is adjacent or in proximity to a military facility or installation which is proposed to be closed pursuant to Public Law 100-526 and the inclusion of the privately owned land is found by an entity formed pursuant to subdivision (b) to be necessary for the effective redevelopment of the military facility or installation and the adjacent area.

"(b) The legislative bodies for communities having territory within, adjacent to or in proximity to a military facility or installation described in subdivision (a) may create a separate joint powers agency . . . which shall have and exclusively exercise powers of an agency in furtherance of the redevelopment of a project area approved by the joint powers agency.  The joint powers agency so formed shall include as one of its members the county in which the project area is located.  In addition to the powers of an agency, the joint powers agency so formed shall also act as the legislative body and planning commission for all approvals and actions required by this part of legislative bodies and planning commissions for the adoption and implementation of a redevelopment plan.  However, all land use, planning, and development decisions with regard to the land within the project area shall continue to be under the control and jurisdiction of each of the respective local legislative bodies or planning commissions, as applicable.

"(c) The territory included within the project and project area may be contiguous or noncontiguous, and any project area may be located in whole or in part within one or more of the communities impacted by the closure of the military

---

[2]The closure of another base in San Bernardino County, Norton Air Force Base, was announced at the same time.

facility or installation, and the land to be included within the project area within the community or communities in proximity to the military facility or installation shall be found necessary for the effective redevelopment of the military facility or installation and the adjacent area. A project area shall not include territory outside the jurisdiction of the communities that are parties to the joint powers agency without the consent of the legislative body having jurisdiction over the territory proposed to be included within the project area.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(i) As used in this section, `in proximity to' means within three miles of the boundary of Norton Air Force Base and within eight miles of George Air Force Base.

"(j) The Legislature finds and declares that the closure of two or more military facilities or installations within the County of San Bernardino will cause serious economic hardship in the county, including loss of jobs, increased unemployment, deterioration of properties and land utilization and undue disruption of the lives and activities of the people. Therefore, the Legislature finds and declares that to avoid serious economic hardship and accompanying blight, it is necessary to enact this act which shall apply only within the County of San Bernardino. In enacting this act, it is the policy of the Legislature to assist communities within the County of San Bernardino in their attempt to preserve the military facilities and installations for their continued use as airports and aviation-related purposes.

"It is the intent of the Legislature and the commitment of the local authorities to ensure that the existing airfields at both Norton Air Force Base and George Air Force Base are protected, developed, and enhanced as civil aviation public use airports. Therefore, the joint powers authorities authorized by this section should make every reasonable effort to guarantee that these vital airport facilities are retained for general aviation use now and into the future.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

In October of 1989, VVEDA was formed as a joint powers agency (see Gov. Code, §§ 6500-6522) for the purpose of redeveloping GAFB under the terms of Health and Safety Code section 33320.5. VVEDA currently consists of the communities of Hesperia (population 58,047), Apple Valley (population 52,065), and Victorville (population 53,664), and the County of San Bernardino (population approximately 1,500,000). Although it originally had intended to join and has been invited to do so, Adelanto (population 12,039) has not joined VVEDA. Victorville has since annexed the 5075 acres of GAFB previously located within unincorporated territory.

B. Pending Litigation

The application for leave to sue herein sets forth six lawsuits filed by Adelanto regarding VVEDA's legislative franchise to redevelop GAFB. We have also been apprised of a lawsuit wherein Adelanto is attempting to condemn the water rights to GAFB. The lawsuits involving Adelanto and VVEDA raise a number of legal issues in addition to whether VVEDA has the sole and exclusive right to redevelop GAFB, such as whether Adelanto has the authority to expend funds to redevelop territory outside its jurisdictional boundaries (see Health & Saf. Code,

§ 33120) or has the authority to expend "tax increment funds"[3] to attempt to acquire and redevelop that portion of GAFB which is outside of Adelanto (see Cal. Const., art. XVI, § 6; Health & Saf. Code, §§ 33670, 33678).

We believe that at least two pending lawsuits present the same factual and legal issues as are presented in the instant application for leave to sue. In *Adelantans For Adelanto* v. *City of Adelanto*, San Bernardino Superior Court No. VCV001989, taxpayers have brought suit pursuant to the provisions of section 526a of the Code of Civil Procedure. The plaintiffs seek to recoup $4.2 million that Adelanto has expended in its attempt to acquire and redevelop GAFB. The complaint alleges that these expenditures were *ultra vires* in that Adelanto had no authority to exercise any redevelopment jurisdiction over GAFB or any territory outside of its city limits. The superior court has issued a preliminary injunction which states in part as follows:

"IT IS ORDERED THAT:

"1.      During the pendency of this action or until further order of this Court, defendants City of Adelanto, the Adelanto Redevelopment Agency, Patricia Chamberlaine, Michael Sakamoto, Mary Scarpa, the City Council of the City of Adelanto, Harold L. Smith, Ernie Scott, Judith A. Crommie (the `Adelanto Defendants'), their agents, employees, representatives, and all persons acting in concert or participating with them, are enjoined from using or loaning for use, directly or indirectly, <u>any tax increment revenues or redevelopment funds</u> of the Adelanto Redevelopment Agency (a) in connection with efforts to acquire, reuse or redevelop George Air Force Base (`GAFB') or other areas outside of the territorial jurisdiction of the Adelanto Redevelopment Agency, including, but not limited to, paying attorneys, planners, lobbyists, contractors, or consultants to prepare or extend offers to purchase GAFB, to prepare reuse or redevelopment plans for GAFB, to lobby government officials to award GAFB to Adelanto, or to qualify Adelanto to sponsor an airport on GAFB, or (b) to support litigation concerning the disposition, acquisition, annexation, redevelopment, or reuse of GAFB or other areas outside of the territorial jurisdiction of the Adelanto Redevelopment Agency, including, but not limited to, paying attorneys to initiate and prosecute lawsuits seeking to invalidate redevelopment or reuse plans for GAFB, seeking to invalidate or annul annexation of GAFB, seeking to prevent or set aside the acquisition of GAFB, or pursuing or participating in appeals of lawsuits involving any of these matters."

It is patent that this lawsuit raises issues concerning Adelanto's powers to acquire and redevelop GAFB and to prevent VVEDA's legislative grant to do so.

In *County of San Bernardino* v. *Redevelopment Agency of Adelanto*, Riverside Superior Court No. 242794, the county seeks the return of all public funds allegedly expended illegally by Adelanto. In its complaint the county alleges that "[n]one of defendants' expenditures to acquire George Air Force Base are authorized by law, and each such expenditure constitutes the illegal expenditure of Adelanto redevelopment funds." Again, it is patent that this lawsuit raises

---

[3]Tax increment funds are those which represent the difference between taxes collected upon the original assessed value of property within a project area and the increased assessed values arising by virtue of the redevelopment plan. (See Health & Saf. Code, § 33670.)

issues concerning the redevelopment powers of Adelanto and its attempt to oust VVEDA of its franchise to redevelop GAFB.[4]

Generally speaking, a section 803 proceeding is maintained where it is the only available remedy. (*San Ysidro Irrigation District* v. *Superior Court* (1961) 56 Cal.2d 708, 713-715; *International Association of Fire Fighters* v. *City of Oakland* (1985) 174 Cal.App.3d 687, 693-698; *Oakland Municipal Improvement League* v. *City of Oakland* (1972) 23 Cal.App.3d 165, 169; *Hallinan* v. *Mellon* (1963) 218 Cal.App.2d 342, 344-348; *Wilson* v. *San Francisco* (1960) 186 Cal.App.2d 603, 611.) Here, at least two lawsuits are currently pending that raise the primary issue of whether Adelanto or VVEDA has the authority to redevelop GAFB. We conclude that another lawsuit involving the same issue would not be in the public interest.

Leave to sue in quo warranto to test Adelanto's right to acquire and redevelop GAFB is denied.

* * * * *

---

[4]Which party will prevail upon the issues presented in these lawsuits is not for the Attorney General to determine or consider. (See 74 Ops.Cal.Atty.Gen. 26, 29 (1991); 72 Ops.Cal.Atty.Gen. 15, 19 (1989).)